State *v.* Merwin.

---

## State *vs.* Sylvanus Merwin.

Upon a grandjuror's complaint before a justice of the peace, charging the defendant with placing nuisances on a certain highway, the complaint containing two counts, one with regard to a building and the other with regard to stone and timber placed on the highway, the justice made a general finding of guilty, and imposed a fine of seven dollars. By law the lowest penalty that could be imposed for such an offence was five dollars. The defendant appealed to the superior court, and there moved that the case be erased from the docket on the ground that the complaint charged two offences, and that the fine showed that the justice found the defendant guilty of but one, and that he must have been acquitted on the other, and that as it did not appear on which count he was found guilty and on which acquitted, he could not be held to answer to either. Held, 1. That it could not be inferred from this state of the record that the justice had acquitted on one count. 2. That a more reasonable inference was that

but one offence was proved under both counts and that the justice found the defendant guilty on both. 3. That if the judgment of the justice was irregular, yet as it was vacated by the appeal, it was very questionable whether the defendant could take any advantage of its irregularity after the appeal.

GRANDJUROR's complaint before a justice of the peace, charging the defendant with placing nuisances on a certain highway in the town of New Milford, in Litchfield county. The complaint contained two counts, one charging the placing of a building and the other of a quantity of stone and a stick of timber on the highway. The record of the judgment of the justice was as follows:—

"And the said Sylvanus Merwin, being required to make answer to said complaint, said he is not guilty in manner and form as in said complaint is alleged ; and the court having inquired into the facts stated in said complaint, finds that the said Sylvanus Merwin is guilty in manner and form as therein alleged ; and it is thereupon ordered by said court that the said Sylvanus Merwin pay a fine of seven dollars, and the costs of prosecution, taxed at $52.27, and remove the said nuisance within the time limited by law."

From this judgment the defendant appealed to the superior court for Litchfield county, and in that court filed the following motion:—

" Now the defendant comes into court and prays that said complaint and proceedings be dismissed, and he no longer holden to answer thereto, because he says that he cannot by law be required to plead or make answer in this court to any charges except such whereof he was found guilty by said justice court ; and the defendant avers that said complaint contains two distinct counts, and it appears by the entire record in the cause that the defendant was not by said justice court found guilty of the offences charged in both said counts, and he cannot therefore now be required to answer to both said counts, nor has said justice court distinguished either one of said counts and found the defendant guilty thereof ; and the defendant cannot therefore now be required to answer to either one of said counts, because whichever count may be selected whereon to charge the defendant, it does not appear

HARVARD
LAW SCHOOL
LIBRARY

State *v.* Merwin.

that the defendant was upon that count found guilty by the justice court; all which the defendant is ready to verify; wherefore, and for other matters apparent on the record, he prays that said complaint be dismissed, &c."

The superior court (*Loomis J.*) overruled this motion and refused to dismiss the case. The jury afterwards rendered a verdict of guilty, and the defendant brought the record before this court by a motion in error, assigning as error the refusal of the court to dismiss the case upon the above motion.

*O. S. Seymour* and *E. W. Seymour*, for the plaintiff in error.

The appeal gives the superior court jurisdiction only of the judgment appealed from, and does not bring up counts or charges in the complaint, from the judgment on which an appeal has not been taken. If a complaint contains two counts charging distinct offences, if the accused is found not guilty on one and guilty on the other, an appeal does not give the superior court jurisdiction over the offence whereof the prisoner has been acquitted. To hold the contrary would subject the accused to a second trial on a charge on which he has once been acquitted, which is contrary to our law. In the present case the justice found the accused guilty of but one offence, two being charged, and from that decision the accused appealed. The record clearly discloses that he was convicted upon one charge only. The fine imposed was only seven dollars. The statute provides that every person who shall place or maintain a nuisance in any highway shall pay a fine of not less than five dollars for each offence. Gen. Stat., 605, sec. 13. If therefore the justice had found the accused guilty of both offences the fine could not have been less than ten dollars. In construing the whole record together, as we must, it is evident that the justice found the accused guilty on one count and not guilty on the other. *Lyon* v. *Alvord,* 18 Conn., 73. He had no right to find the accused guilty on both counts and of both offences. It was not within his jurisdiction so to do. If he found probable cause he might have bound him over, but he had

not, nor could he have, final jurisdiction over the two offences, as the least fine upon the two is ten dollars, a fine beyond the power of a justice of the peace legally to impose. Gen. Stat., 281, sec. 215; *Denison* v. *Denison*, 16 Conn., 36; *Barnes* v. *The State*, 19 id., 404; *Pardee* v. *Platt*, 20 id., 404.

*Sedgwick* and *Knapp*, for the State.

HINMAN, C. J. The defendant was prosecuted for a nuisance in placing a building, and also a quantity of stone, and a stick of timber projecting from a building, upon a highway in the town of New Milford. There were two counts in the complaint, one relating to the building, and the other to the stone and the stick of timber. The justice made a general finding of guilty, and imposed a fine of seven dollars, and ordered the nuisance to be removed. From this judgment the defendant appealed to the superior court, and in that court moved that the complaint be dismissed on the ground that from the entire record of the justice it appeared that the defendant was not found guilty of the offences charged in both counts, and that therefore he could not be required to answer to both counts; and as there was nothing to show upon which count he was found guilty and on which not guilty, that he ought not to be required to answer to either count. This is claimed to appear from the record, because the lowest fine which the justice could inflict for one offence is five dollars, and as, had he found the defendant guilty upon both counts, the fines upon both would have exceeded the jurisdiction of the justice, and made it his duty to bind over the defendant to the superior court, and he did not do this, it is claimed to be apparent that he must have found him guilty upon one count only. We think, however, that if it be admitted that the proceeding of the justice was irregular, it is very questionable whether the defendant could take advantage of the irregularity after his appeal. The appeal was taken for the purpose of avoiding the judgment of the justice,

State *v.* Merwin.

and it has that effect. We doubt whether it is competent for the defendant to show by the judgment, which has been rendered void by the appeal, that the defendant was acquitted upon one of the counts. The record does not say so directly; and if, in fact, it was an irregular and illegal judgment, upon the facts found by the justice we do not see why it is not as probable that he imposed an illegal fine, that is, a fine of less amount than he was required by law to impose, as that he inflicted a legal fine upon a conviction on one count, and omitted to make any finding whatever upon the other. It appears to us therefore that it is for the defendant to show positively that he was acquitted upon one of the counts, and that it is not sufficiently shown in this indirect way, by an inference, drawn only from the amount of the fine imposed.

But we are not satisfied that there was any irregularity in the proceedings of the justice. It does not necessarily follow from the fact that there were two counts in the information, that there were proved, or attempted to be proved, two distinct offences. The justice made a general finding of guilty, and this it was proper for him to do if there was in fact but one offence, charged in different forms in the two counts. The presumption from the whole record of the magistrate is that but one offence was proved. Such clearly would be the presumption from a similar record in the superior court, had the defendant been there tried, and a general verdict of guilty found by the jury; and the ordinary form of the record of the superior court in such cases, is, we suppose, very similar to the record of the justice in this case; and we know of no reason why the presumption should not be the same with regard to both records.

It is further claimed that the record does not show that the justice had jurisdiction of the case, because it is not alleged in either count that the offence was committed in New Milford, or even in Litchfield county. But it is alleged that the highway which was encroached upon was all in the town of New Milford, and " that said Merwin, near the railroad track in said town, unlawfully placed (the nuisances) in and upon

said ·highway," &c. It appears therefore clearly that the offence was committed in the town of New Milford.

We are of opinion that there was no error in the refusal of the superior court to erase the case from the docket.

In this opinion the other judges concurred.