### STATE *vs.* BERNARD BURNS.

A complaint charging that the defendant, not being licensed, owned and kept intoxicating liquors with intent to sell them, exposed and offered them for sale, and sold them, is not bad for duplicity, although each of the several acts charged was itself specifically forbidden by the statute.

The rule is that where two or more acts are so connected that each represents a stage in the same offense, though each act taken alone would constitute an offense, they may be coupled in one count.

A verdict of guilty having been rendered upon the above complaint, it was held that the averment that the defendant kept liquors with intent to sell would support the verdict, even if the other acts were not sufficiently charged.

INFORMATION for keeping and selling intoxicating liquors; brought by appeal from the City Court of the city of Bridgeport to the Superior Court for Fairfield County, and tried to the jury, on the plea of not guilty, before *Culver, J.* Verdict guilty, and motion in arrest of judgment for the insufficiency of the information. This motion being overruled, the defendant filed a motion in error and for a new trial. The case is sufficiently stated in the opinion.

*D. B. Lockwood* and *M. Tuttle,* in support of the motions.

*J. H. Olmstead,* State's Attorney, contra.

PARDEE, J. The statute declares that "any person, without a license therefor, who shall sell or exchange, or offer or

expose for sale or exchange, or own or keep with intent to sell or exchange, any intoxicating liquor,    *    *    *    shall be fined not less than fifty dollars nor more than five hundred dollars, or imprisoned not more than six months, or both."

The public prosecutor filed an information in which it was alleged that the defendant, "on the 28th day of December, 1875, did, at the city of Bridgeport, sell and exchange, and offer and expose for sale and exchange, and did own and keep with intent to sell and exchange, spirituous and intoxicating liquors, ale, lager beer, and Rhine wine, without previously having obtained a license therefor, against the peace of the state and contrary to the form of the statute in such case made and provided." After a verdict of guilty the defendant moved in arrest of judgment for the following reasons:— "First, that it is not alleged in said information that said spirituous and intoxicating liquors were sold to any certain person or persons, nor that they were sold to any person or persons to said prosecuting agent unknown. Second, that it is not alleged that said Burns was licensed to sell ale, lager beer, and Rhine wine only, and did without a license therefor sell spirituous and intoxicating liquors. Third, that separate and distinct offences are joined in one count in said information, to wit, that said Burns did sell, and exchange and offer and expose for sale and exchange, and did own and keep with intent to sell and exchange, spirituous and intoxicating liquors, ale, lager beer and Rhine wine, without previously having obtained a license therefor." The defendant also filed a motion for a new trial, and a motion in error, each substantially for the reasons set forth in the motion in arrest.

In relation to the third reason above specified it is said in Wharton's Criminal Law as follows: "Where a statute, as has already been observed, makes two or more distinct acts, connected with the same transaction, indictable, each one of which may be considered as representing a stage in the same offence, it has in many cases been ruled that they may be coupled in one count. Thus, setting up a gaming table, it has been said, may be an entire offence; keeping a gaming table and inducing others to bet upon it, may also constitute

a distinct offence; for either, unconnected with the other, an indictment will lie, yet when both are perpetrated by the same person at the same time, they constitute but one offence, for which one count is sufficient, and for which but one penalty can be inflicted. An indictment which charges a prisoner with the offences of falsely making, forging and counterfeiting, of causing and procuring to be falsely made, forged and counterfeited, and of willingly aiding and assisting in the said false making, forging and counterfeiting, is a good indictment, though all of these charges are contained in a single count; and as the words of the statute have been pursued, there being a general verdict of guilty, judgment ought not to be arrested on the ground that the offences are distinct. So also with charging that the defendant 'administered and caused to be administered' poison, &c. So, 'obstruct or resist' process may be joined so as to read 'obstruct *and* resist' in the indictment. So in an indictment on the Massachusetts Revised Statutes, chap. 58, sec. 2, by which the setting up of any of the exhibitions therein mentioned without license therefor is prohibited, it is not duplicity to allege that the defendant did set up *and* promote such an exhibition. A neglect by supervisors of roads both to open and repair roads may be charged in one count of an indictment against them." Wharton's Am. Crim. Law, sec. 390, and cases there cited.

In *Barnes* v. *The State*, 20 Conn., 232, the information charged, in the third count, that the defendant did sell, and did offer to sell, by himself and by an agent, wines, spirituous liquors and other intoxicating beverages. After a verdict of guilty the defendant filed a bill of exceptions, and a motion in arrest of judgment for the insufficiency of the information, and afterwards brought his writ of error in the Superior Court. The defendant contended that the information was bad, first, for duplicity, in that it charged two distinct offences, to wit, that the defendant *sold*, and that he *offered to sell*. Upon this objection the court said as follows: "It is insisted that the third count in the information, upon which alone judgment was rendered, is bad for duplicity, uncertainty and repugnancy. It charges the defendant below with *selling* and

*offering to sell* spirituous liquors, each of which acts, it is said,
constitutes a distinct offence; and therefore the count is bad
for duplicity.   But there is nothing in the information show-
ing that these acts might not have been parts of one and the
same transaction.   They are alleged to have been done at one
time and at one place; the sale may have been made in con-
sequence of an offer to sell made by the defendant.   No mat-
ters, however multifarious, will operate to make a declaration
or information double, provided that all taken together con-
stitute but one connected charge or one transaction.   *Rowles*
v. *Lusty*, 4 Bing., 428.   Thus, an information charging a
person with having committed an assault upon another and
beaten him, will not be bad for duplicity, although assaulting
a person may be a criminal offence as well as beating him,
provided both were parts of one and the same transaction.
So an information for a burglary, stating that the prisoner in
the night season broke and entered a house, with.intent to
steal, and did in fact steal therein, will not be defective.   If
an authority upon this subject were needed, we have only to
refer to the late case of *Regina* v. *Bowen*, 1 Car. & Kirwan,
501.   There the indictment stated that the prisoner feloniously
and wilfully did deface, injure and destroy a certain register
of baptisms, marriages and burials, in violation of a statute
making a person committing either of those acts guilty of
felony.   The counsel for the prisoner proposed to demur spe-
cially, upon the ground that the prisoner was charged with
more than one offence.   But upon an intimation from Tindal,
C. J., that the prisoner might be bound by the demurrer, and
not be allowed to plead over, the demurrer was withdrawn
and the prisoner pleaded not guilty.   He was convicted, and
the question as to the sufficiency of the indictment was
reserved for the advice of all the judges; and they held that
the indictment was good even upon a special demurrer."

   In respect to the first objection specified in the motion in
arrest, it is only necessary to remark that the owning and
keeping of spirituous and intoxicating liquors with intent to
sell and exchange the same, is a complete offence in itself.
We have the right to presume from this record that this was

the offence proven and that upon this, the verdict was rendered. Of course it would be impossible for the pleader to allege that the secret intent of the offender, when taking the liquor into his keeping, pointed and was limited to one particular person as the purchaser.

There is no error, and there should be no new trial.

In this opinion the other judges concurred.