49  101
66   9

### STATE *vs.* JOHN HARTWICK.

A complaint charged that the defendant " did, at, &c., sell and offer for sale and keep with intent to sell, intoxicating liquors." The prosecutor offered proof of a particular sale, which the court excluded, on the ground that there was no allegation of the name of the person to whom it was made nor of a sale to a person unknown. The prosecutor then offered evidence that the defendant offered intoxicating liquors for sale and kept them with intent to sell. Held that he was not precluded from proving this fact by his having offered evidence of a particular sale.

The complaint was not a charge of selling intoxicating liquors as an offense in itself, but of such sales as a part of the offense of keeping such liquors for sale.

Where the defendant had been convicted before a justice upon the complaint and appealed to a higher court, it was held that, as the appeal vacated the judgment, the case stood, as to the facts that might be proved in support of the charge, precisely as it would have done if it had been brought originally to the appellate court.

COMPLAINT for keeping intoxicating liquors with intent to sell, with a second count for a particular sale; brought originally before a justice of the peace and, by appeal of the

defendant, to the Superior Court, and in that court tried to the jury before *Culver, J.* Verdict of guilty upon the first count, and motion for a new trial by the defendant. The case is fully stated in the opinion.

*J. H. Olmstead,* in support of the motion.

*S. Fessenden,* State's Attorney, contra.

LOOMIS, J. The complaint in this case was originally presented by a prosecuting agent to a justice of the peace and consists of two counts.

The first alleges "that John Hartwick, of said Norwalk, on the 11th day of April, 1880, with force and arms did at and within said town sell and exchange, and offer and expose for sale and exchange, and did own and keep with intent to sell and exchange, intoxicating liquors, without previously having obtained a license," &c.

The second count charges an illegal sale to one Hiram Jones, &c.

In the justice court the defendant was found guilty and fined on each count, and from this judgment appealed to the Superior Court, where he was found guilty only upon the first count.

Upon the trial under the first count the State offered the testimony of William Ross, to prove a sale to him of intoxicating liquors. The accused objected, on the ground that there was no allegation as to the person to whom the sale was made, nor that it was made to a person unknown, and the court sustained the objection and rejected the evidence.

The State then offered to prove under the first count that the accused "offered and exposed for sale and exchange, and owned and kept with intent to sell and exchange, intoxicating liquors," &c., and offered the testimony of William Ross and three other persons, that the accused made sales of intoxicating liquors to each of them at various times within one year previous to the date of the complaint, as tending to prove that the accused offered and

exposed for sale and exchange, and owned and kept with intent to sell and exchange, intoxicating liquors, &c.

To this evidence the accused objected, but it was received by the court. We think the ruling was correct.

In the argument for the defendant two grounds to sustain the objection to the evidence were relied upon. It is said, in the first place, that the offense to be proved by the evidence was different from the one the defendant was convicted of before the justice. This position however is both untrue and insufficient; untrue, because the defendant was convicted only of the offenses charged in the complaint and the first count as we shall see is not a count for an illegal sale; and insufficient, because it is immaterial, inasmuch as the appeal vacated the judgment and the case stood before the Superior Court precisely as it would have done if originally brought there.

The other ground of objection was, that after the State had offered evidence for the purpose of proving an illegal sale, it could not afterwards abandon that and attempt to prove a different offense under the same count.

This objection has more plausibility than the other and requires more careful consideration. It is however entirely untenable. Its logical basis is an untrue assumption, namely, that the first count charged an illegal sale and that the defendant was exposed to a conviction for that offense. But the court not accepting this construction, properly ruled out all evidence to prove the crime of illegal selling of intoxicating liquors, because no such offense was charged in that count.

Under the authority of *State* v. *Burns*, 44 Conn., 149, it is very clear that the first count must be construed as describing the several stages or parts of one transaction, constituting the completed offense of owning and keeping spirituous and intoxicating liquors with intent to sell and exchange the same. The information in that case was identical with this, and charged that the defendant at &c., " did sell and exchange, and offer and expose for sale and exchange, and did own and keep with intent to sell and

exchange, spirituous and intoxicating liquors," &c., and this court construed the information as above indicated.

The evidence in question, showing actual sales of intoxicating liquors, tended very strongly to establish the allegation that the defendant owned and kept the liquors for the purpose of sale and exchange. *State* v. *Mead's Liquors*, 46 Conn., 22.

But after eliminating from the discussion all that is false in assumption or immaterial there remains to be considered the question, whether a prosecutor, by a futile offer of evidence for the avowed purpose of proving the defendant guilty of an offense not charged, is thereby debarred from proving by appropriate evidence the offense which is properly charged. We think he is not.

The defendant relies upon the rule in *State* v. *Bates*, 10 Conn., 372, where under an information charging adultery in a single count, the prosecutor, having given evidence of one act of adultery, was held confined to that act, and was not permitted to introduce proof of other acts committed with the same person at different times and places. The reason given in the opinion of the court for denying to the prosecutor the proof of other acts, was that "it would be exceedingly inconvenient in practice. The accused comes prepared to defend against a single charge. This he may do successfully, and having done so, may find himself overwhelmed by a multitude of others, of which the information gave him no notice, and against which he cannot be supposed to be prepared. And the prosecuting attorney, instead of shaping his case at the outset in the most favorable manner, may detain the court and jury by proving any number of offenses, and then elect upon which to claim a conviction." The rule invoked by the defendant does not apply to the present case, because it is not within its letter, reason or spirit.

The offer in question could by no possibility prejudice the accused or jeopardize his rights, because the offense sought to be proved was one that could not be proved under that count. The election as to proof which binds a party must

of necessity be one he has the legal power to make. An election to do what cannot be done is no election at all.

In the case cited suppose the prosecutor had offered evidence to prove an act of adultery between the defendant and a person not referred to in the information and the evidence had been ruled out, could it have been claimed that he was thereby precluded from showing such an act with the person that was named? To answer the question in the affirmative would seem quite absurd, and yet the position would be quite like the one taken by the defendant in the case at bar.

A new trial is not advised.

In this opinion the other judges concurred.