THE STATE OF CONNECTICUT *vs.* JOHN ASHMAN.

First Judicial District, Hartford, January Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 6th—decided March 3d, 1931.

*J. Howard Roberts,* Prosecuting Attorney, for the appellant (the State).

*J. Mortimer Bell,* for the appellee (the accused).

AVERY, J. The record of the justice court is a printed form, used in criminal cases in such courts. It recites the complaint of the grand juror; the issuance of a warrant; that the accused was brought before a justice court holden at Salisbury on July 11th, 1930, charged with breach of the peace, and, being a minor under twenty-one years of age, a guardian *ad litem* was appointed; that the accused, through his guardian, pleaded not guilty; that the court, after inquiring into the facts stated in the complaint, found the accused guilty in manner and form as therein alleged, and that, thereupon, it was ordered and considered by the court that the John Ashman case be nolled on payment of costs, taxed at $13.56; and that he stand committed until judgment be performed. On the back of the paper is a printed file with appropriate blanks, on which is endorsed the name of the case and the following: "Complaint for breach of peace. Defendant, being a minor, . . . Mrs. D. M. Ashman was appointed guardian ad litem. Plea not guilty. Found—guilty. Ordered Nolle on payment of costs, and costs taxed at $13.56. And in default thereof, to stand committed until sentence be performed. . . . Appeal to September Term, 1930. Recognized in $50 cash paid." The signature of the justice followed. The words "Found—guilty" were printed. The words "Nolle on payment of costs" were typewritten. On this record, it appears that the justice disposed of this case, after

hearing, by imposing a sentence upon the accused that he pay the costs of prosecution, taxed at $13.56, and in default thereof stand committed until judgment be complied with, as a condition to the entry of a nolle dismissing the case. "In a criminal case it is the imposition of sentence which is the judgment of the court." *State* v. *Lindsey*, 109 Conn. 239, 243, 146 Atl. 290; *State* v. *Vaughan*, 71 Conn. 457, 458, 42 Atl. 640. The defendant appealed to the Court of Common Pleas for Litchfield County, and in that court filed a motion for final judgment, as follows: "The defendant respectfully moves for final judgment upon the record sustaining the appeal and discharging the defendant upon the ground that the judgment of the justice of the peace assessing costs upon a nolle prosequi, and imprisonment for failure to pay, is without warrant in law and is a violation of the constitutional rights of the defendant." The Court of Common Pleas, after argument, sustained this motion, and entered final judgment, sustaining the appeal, discharging the defendant and cancelling his bond. From the action of the Court of Common Pleas, the State, with permission of the court, appealed to this court, assigning as error the action of the Court of Common Pleas in granting defendant's motion for final judgment upon the record, and in rendering final judgment, sustaining the appeal, discharging the defendant, and cancelling his bond.

It is well settled in this State, that an appeal from the judgment of a justice of the peace vacates the judgment of the justice, and the case stands in the appellate court precisely as though brought there in the first instance. *State* v. *Hartwick*, 49 Conn. 101, 103; *State* v. *Merwin*, 34 Conn. 113, 117; *Ely* v. *Bugbee*, 90 Conn. 584, 588, 98 Atl. 121. The judgment of the justice of the peace, having been vacated by the appeal, could

furnish no basis upon which a motion could be based to discharge the accused in the Court of Common Pleas because of the irregularity in the judgment of the justice. In *State* v. *Merwin,* 34 Conn. 113, a situation somewhat similar to the instant case was presented. An appeal was taken to the Superior Court from the judgment of a justice, and a motion made in the Superior Court to dismiss the case on the record of the judgment of the justice. This motion was denied, the case tried in the Superior Court, the accused found guilty, and appeal taken to this court. Error was assigned on the action of the Superior Court in refusing to dismiss the case on motion. In overruling this claim of error, we stated: "We think, however, that if it be admitted that the proceeding of the justice was irregular, it was very questionable whether the defendant could take advantage of the irregularity after his appeal. The appeal was taken for the purpose of voiding the judgment of the justice and it has that effect. We doubt whether it is competent for the defendant to show by the judgment, which has been rendered void by the appeal, that the defendant was acquitted upon one of the counts." The instant case, upon the appeal from the judgment of the justice, was before the Court of Common Pleas to be proceeded with as if originally brought there.

There is error, and the case is remanded to the Court of Common Pleas for further proceedings in accordance with law.

In this opinion the other judges concurred.