## FREDERICK JOYLSON
### vs.
## RALPH H. WALKER, WARDEN

Superior Court    Hartford County    File #54494

Present: Hon. JOHN RUFUS BOOTH, Judge.

Frederick Joylson, pro se.

The Warden, pro se.

**MEMORANDUM FILED OCTOBER 5, 1936.**

BOOTH (JOHN RUFUS), J. The claim of the relator is that on January 11, 1933, he was sentenced to the State Prison for a term of not less than two years nor more than three years upon one count in the information and for a term of one year upon another count, but that the Court in imposing such sentences failed to state whether they should run

consecutively or concurrently, and therefore claims that they should be deemed to run concurrently. If such claim is sustained his entire sentence, less time off for good behavior, would have terminated on May 16th, 1936.

The sentences as imposed were in accordance with a portion of **Section 6507 of the General Statutes** which provides that if a person "shall be sentenced to the State Prison for two or more separate offenses and the term of imprisonment for a second or further term shall be ordered to be begun at the expiration of the first and each succeeding term of sentence named in the warrant of commitment, the Court in imposing such sentences shall name no minimum term of imprisonment except under the first sentence and the several maximum terms shall, for the purpose of this Section and of Sections . . . ., be construed as one continuous term of imprisonment".

The sentence in the case under consideration was apparently imposed in accordance with the provisions of the last part of the quoted section of the statute but the Court failed to order the sentence under one count to begin at the expiration of that under the other count. Such failure, however, is not an equivalent of such order but quite the reverse. A preceding portion of **Section 6507** provides as follows: "When any person shall be sentenced to the State Prison otherwise than for life or in connection with a sentence of execution for a capital offense, the Court imposing the sentence shall establish a maximum and minimum term for which such convict may be held in said prison". In cases other than sentences for life or capital executions this provision of the statute requires the Court in fixing criminal sentences to the State Prison to establish both a maximum and minimum term of imprisonment. A failure so to do renders the sentence incomplete. Where the sentence is for more than one offense and the Court orders that the penalties for each are to run concurrently, it must impose completed sentences for each offense.

Therefore, in the case of the relator while it is true that the Court after imposing a maximum and minimum sentence upon one count might, under the provisions of the first part of the quoted portion of the statute, have ordered that the sentence under one count should begin at the expiration of that imposed upon the other, it could not properly have made

such order unless it had fixed a maximum and minimum term upon both counts. The effect of fixing merely a maximum for the sentence on one count was in itself an order that the sentence on such count should run consecutively and not concurrently with the sentence imposed upon the other. For all practical purposes then the sentence as imposed requires the confinement of the relator for a period of not less than two nor more than four years. As this time, even with the discount of good behavior as provided by law, has not yet expired the relator is not illegally confined as claimed and his present writ of habeas corpus is hereby denied and he is remanded to the custody of the respondent to be proceeded against according to law for the offenses of which he was convicted.