## WILLIAM MOULTHROP *v.* RALPH H. WALKER, WARDEN OF CONNECTICUT STATE PRISON.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 7—decided June 10, 1942.

*Otto J. Saur,* assistant state's attorney, with whom, on the brief, was *Lorin W. Willis,* state's attorney, for the appellant (defendant).

*Johnson Stoddard,* public defender, for the appellee (plaintiff).

MALTBIE, C. J.  On January 19, 1932, the plaintiff was sentenced, upon a complaint containing five counts, to imprisonment for not less than two years or more than four years on the first count and not more than two years on each of the succeeding counts.  On June 8, 1937, he was paroled.  On June 8, 1940, he violated his parole and it was ordered that he be returned to the state prison.  He was so returned on June 10, 1940.  Treating the several terms of imprisonment imposed as one continuous term, the court found that he had earned a diminution of his sentence amounting to seven hundred and forty days.  The board of directors of the prison, upon report of the warden, ordered seven hundred and thirty days of this time to be forfeited.  The plaintiff claims that the term of imprisonment imposed upon each count of the complaint constituted a separate sentence, that he was entitled to have good time earned during each period applied in diminution of that sentence, and that on his violation of parole there could be no forfeiture of good time earned except for the period of imprisonment under the particular sentence then in force.  If this contention is correct, the time when the plaintiff was entitled to be discharged from the prison has already passed.

Section 1978 of the General Statutes, amended in a manner not material to the question before us by § 783c of the Cumulative Supplement of 1935 and affected by § 638e of the Cumulative Supplement of

1939 later referred to, provides that any prisoner in the state prison may, by prompt and cheerful obedience to the rules of the prison, earn a commutation or diminution of his sentence amounting to sixty days for each year, and pro rata for a part of a year, where the sentence is not more than five years, and ninety days for the sixth and each subsequent year, and pro rata for a part of a year, with a proviso that any serious act of insubordination or persistent refusal to conform to prison regulations occurring at any time during his confinement in the prison subjects the prisoner, at the discretion of the warden and board of directors, to the loss of all or any portion of the time earned; and the statute proceeds to state that when a prisoner is held under more than one conviction "the several terms of imprisonment imposed thereunder shall be construed as one continuous term for the purpose of estimating the amount of commutation which he may earn."

Section 6507 of the General Statutes provides that when a person shall be sentenced to the prison otherwise than for life or a capital offense the court imposing the sentence shall establish a maximum and minimum term for which the convict may be held in prison; that in case a person shall be sentenced to the prison for two or more separate offenses and the term of imprisonment for a second or further term shall be ordered to begin at the expiration of the first and each succeeding term, the court shall fix no minimum term of imprisonment except under the first sentence, and "the several maximum terms shall, for the purpose of this section and of sections 6509, 6510, 6511, 6512, 6513 and 6514, be construed as one continuous term of imprisonment."

Section 6512 provides that any paroled convict who shall be returned to the prison for violation of his parole may be retained in the prison for a period equal

to the unexpired portion of the term of his sentence at the date of the request or order for his return or may be again paroled. This section was amended in 1937 to provide that any paroled convict "who has been or shall be returned" to the prison for violation of his parole may be retained in the prison for a period equal to the unexpired portion of the term of his sentence at the date of the request or order for his return less any commutation or diminution of his sentence earned, except as the warden and board of directors may, in their discretion, determine that he shall forfeit any or all of the earned time; and this section extends the provision for the forfeiture of good time earned to include any serious act of insubordination or persistent refusal to conform to prison or parole regulations during the prisoner's confinement or during his parole. General Statutes, Cum. Sup. 1939, § 1471e.

These provisions for diminution of sentence by good time earned became incidents to the sentence imposed upon the plaintiff. They gave him a right to earn a diminution of his sentence but conditioned that right by providing that it might be forfeited by certain misconduct or by violation of his parole resulting in an order for his return to the prison, if, as provided in § 1471e, the warden and board of directors should determine that there should be such a forfeiture. If a prisoner or parolee commits an act resulting in a forfeiture of good time earned, in accordance with the provisions of the statutes, his right to a diminution of the sentence is destroyed.

Under the provisions we have quoted in the statutes, there can be no question of the legislative intent that, where sentence is imposed at one time for two or more separate offenses and a maximum and minimum period of confinement is fixed upon the first and only a maximum upon the others, the terms of the imprisonment

are to be regarded as one continuous term in determining the diminution of sentence by good time earned or its forfeiture by misconduct or violation of parole. It is true that in § 1978 the provision concerning prisoners held under more than one conviction refers to the "terms of imprisonment imposed," and § 6507 uses similar language, while § 6512, concerning forfeiture by a prisoner for violation of parole, refers to the "unexpired portion of the term of his sentence." This variance in phraseology is insufficient to indicate an intent on the part of the legislature in the provisions for determining the amount of good time earned and its forfeiture by misconduct not amounting to a violation of parole, which differs from its intent with regard to the forfeiture for violation of parole. The plaintiff had no right to a diminution of the sentence imposed upon each count upon the basis of the good time earned during imprisonment under that count, but for the purposes of determining the amount of diminution to which he was entitled and its forfeiture the periods of imprisonment imposed upon him under the several counts are properly to be determined by regarding them as one continuous term. A like result has been reached by the federal courts under the similar terms of an act of the Congress concerning diminution of sentence earned by federal prisoners. *Ebeling* v. *Biddle,* 291 Fed. 567; *Aderhold* v. *Perry,* 59 Fed. (2d) 379; *Morgan* v. *Aderhold,* 73 Fed. (2d) 171.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the writ.

In this opinion the other judges concurred.