JOHN KENNEY v. RALPH H. WALKER, WARDEN

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 83239

Memorandum filed October 28, 1948.

*Yale Sable,* of New Britain, for the Plaintiff.

KING, J. The plaintiff alleged in general terms an illegal confinement in the Connecticut State Prison at Wethersfield. The defendant, through the assistant state's attorney, filed a return alleging certain facts regarding the confinement. Issue was not joined on this return by any pleading, but the plaintiff's counsel orally admitted the truth of the allegations of the return. Both because of this oral admission and also under the rules of pleading, the allegations of the return stood admitted. Practice Book § 103; *Williamson, Ltd.* v. *Perry,* 111 Conn. 317, 324. The court took the case as tendered by the parties, and so taken the question is whether, under the facts as elleged in the return, the plaintiff is illegally confined. *Anselmo* v. *Cox,* 135 Conn. 78, 79. It should also be added that all parties agreed that the allegations of paragraph 7 of the return are irrelevant to the case and may be disregarded.

As appears from paragraphs 2 and 3 of the return, the plaintiff was convicted, on January 9, 1945, in case No. 16638, on six counts of breaking and entering, and on the same day was sentenced to confinement in the state prison for not less than one nor more than two years on the first count, and for not more than one year on each of the five succeeding counts. There is no claim that this sentence, in and of itself and considered apart from case No. 16705, hereinafter referred to, was in any way illegal or improper. Its effect, under our so-called indeterminate sentence statute (General Statutes [Rev. 1930] § 6507), was to provide a minimum term of one year and a maximum term of seven years under the conviction in that case.

As also appears from paragraphs 2 and 3 of the return, the plaintiff (on the same day, January 9, 1945) was convicted on one count of robbery with violence in case No. 16705, and on the same day was sentenced to confinement in the state prison for not less than six nor more than ten years. Here, also, there is no claim that this sentence, in and of itself and considered apart from case No. 16638, was in any way illegal or improper. Since there was but one count in the information in case No. 16705, the effect of the sentence was to provide a minimum term of six years and a maximum of ten years under the conviction in that case.

The sentence in case No. 16705, as appears from paragraph 3 of the return, occurred subsequent to, although on the same day as, the sentence in case No. 16638. As also appears in paragraph 3 of the return, the court, after fixing the maximum and minimum terms of the sentence in case No. 16705, added the following:—"The sentence imposed in this case (No. 16705) shall be consecutive, or to follow, the sentence imposed in the preceding case, No. 16638, wherein the accused Kenney was previously sentenced."

The claim of the accused is based largely upon the proviso (final) clause in § 6507 of the General Statutes (Rev. 1930). He claims that where, as here, a person is sentenced for two or more separate offenses and the terms are to be consecutive (as distinguished from concurrent) no minimum term can be fixed except under the first count on which sentence is imposed. This claim is undoubtedly correct as applied to sentences in a single case involving one information in multiple counts, as was true here in case No. 16638. But he claims that, if the sentences are imposed on the same day, the rule applies even though (as here) there is more than one information.

As appears from paragraph 6 of the return, the plaintiff fully completed service of the sentence in case No. 16638 on January 8, 1946. Since that date his sole ground of detention is under the sentence in case No. 16705. He claims (1) that the minimum sentence imposed in case No. 16705 is void because in violation of the indeterminate sentence statute (§ 6507), and (2) that consequently the effect is that he had no minimum under the second case, and the maximum is to be added to the maximum in case No. 16638, in exactly the same way as though the single count in the information in case No. 16705 had constituted an additional (seventh) count in case No. 16638. He thus claims that his actual sentence had a minimum term of one year and a maximum of the total of the maxima on all counts in both cases, which would be seventeen years, and that his minimum term has long since expired.

It will be seen that the crux of his claim is that all counts in all informations in which sentence is pronounced on a given day are, under § 6507, the same as though contained in one information. This same claim was effectually disposed of, adversely to the plaintiff's contention, in *Moquin* v. *Walker*, 4 Conn. 364. The opinion in that case is so well written and so obviously sound that it would be sufficient to dispose of this case. How-

ever, it may not be undesirable to add certain other considerations which point to the same holding.

It is elementary that separate cases remain separate even though tried at the same time. This is true of criminal as well as civil cases. Up until the time the General Assembly abolished costs in criminal cases, provision was made to protect an accused from being taxed multiple costs when several informations were unnecessarily used instead of a single information with multiple counts. Practice Book §§ 319, 321. To the same effect were §§ 6528 and 6530 of the General Statutes, Rev. 1930. Such provisions would hardly be necessary were there in fact but one case and one warrant of commitment.

Each case must terminate in a judgment, and in a criminal case there can be no judgment unless there is an acquittal or the imposition of some penalty, whether fine or sentence. *State* v. *Vaughan*, 71 Conn. 457, 460; *State* v. *Ashman*, 112 Conn. 599, 601. There can be no judgment of sentence to state prison in a criminal case unless a maximum and minimum term of sentence is imposed. This is true either under the indeterminate sentence statute (§ 6507) or under the older method of imposing a separate sentence with a maximum and minimum term on each count, although the latter method is no longer available where sentences in one multiple count information are to run consecutively. *Abt* v. *Walker*, 126 Conn. 218, 220; *Redway* v. *Walker*, 132 Conn. 300, 303.

If the plaintiff's claim were sound there would be no completed judgment under either information. Both cases would have to be consulted in order to ascertain the judgment. This is contrary to reason and productive of confusion, whereas certainty in criminal sentences is required. *Abt* v. *Walker*, supra, 220. A single mittimus would be prepared to cover both cases, and there would be no judgment in either case which, alone, would support the "combined" mittimus or any other mittimus. This is directly contrary to the provisions of § 6495 of the General Statutes (Rev. 1930) which require a mittimus for each judgment. *Scott* v. *Spiegel*, 67 Conn. 349, 359. And this mittimus (by authority of which, alone, a convict is held confined in the state prison under §§ 6495 and 6496) is to be made up by the clerk of the Superior Court, not from a series of judgments against a particular accused, but from the judgment in the particular case. Obviously, this could not be done unless each case was complete in itself. Ibid.

The mere fact that this plaintiff was sentenced on the same day (instead of on successive days) under two informations would, according to his claims, produce all of the above, and other, highly undesirable, if not actually absurd, consequences. All this is based very largely upon his construction of the expression "at one time" as used by the Supreme Court in *Moulthrop* v. *Walker,* 129 Conn. 164, 167, and similar cases. In that case, and in all others in which that or any similar expression has been used in this connection, the court has been speaking of a sentence "at one time" under multiple counts in a single information. The plaintiff's attempt to distort this language to cover a situation where, by pure coincidence, he has been sentenced on a single day under two informations is without merit. He .was not sentenced "at one time," but at two different times although on the same day. On the other hand the sentence under the six counts in case No. 16638 was literally a sentence for separate offenses imposed "at one time," since there was no completed sentence under § 6507 until the court had pronounced the maximum on the final count. Until then the maximum under each count required to constitute the maximum in the sentence as a whole, and, so, the judgment, had not been pronounced.

Multiple informations are frequently filed against a single accused in this state. And each must be complete in itself. If nothing is said to the contrary, sentences to state prison under multiple informations run concurrently. *Redway* v. *Walker,* 132 Conn. 300, 303. Here something was said, and unmistakably said, to the contrary. This made the second sentence commence at the termination of the first.

It may be assumed for the purposes of this case although our statute is not free from ambiguity, that a discharge from parole under § 6513 puts an end to further liability of a prisoner under the judgment in the case in which the discharge is granted, so that he can embark on a career of crime without fear of being returned as a parole violator under § 6512.

However that may be, this plaintiff is legally held under the mittimus issued pursuant to the judgment in case No. 16705, the minimum term in which he began to serve upon January 8, 1946, the date of his discharge from parole in case No. 16638.

Any other holding be contrary to reason and authority. There is nothing in *State* v. *McGuire,* 84 Conn. 470, 477, or in *Leifert*

v. *Turkington,* 115 Conn. 600, 602 (cited by the accused), which is applicable to separate sentences under separate informations or which supports this plaintiff's contentions.

For the foregoing reasons the application must be, and is, denied and dismissed and judgment rendered for the defendant.