LESTER ARNOLD *v.* GEORGE A. CUMMINGS, WARDEN OF CONNECTICUT STATE PRISON

BALDWIN, O'SULLIVAN, WYNNE, DALY and COMLEY, Js.

Argued June 13—decided July 3, 1956

*John M. Scanlon,* with whom was *Michael J. Scanlon,* for the appellant (plaintiff).

*Searls Dearington,* state's attorney, for the appellee (defendant).

BALDWIN, J. The plaintiff applied to the Superior Court for a writ of habeas corpus, alleging that certain sentences of imprisonment imposed upon him were invalid and that he was being illegally confined. The court ordered judgment entered denying the application, and the plaintiff has appealed.

The plaintiff entered a plea of guilty on October 21, 1953, in the Superior Court in Windham County to the first, second, and fourth counts of an information charging him, in the first count, with breaking and entering with criminal intent; Cum. Sup. 1955, § 3277d; in the second, with larceny of property of the value of $820; General Statutes § 8401; and in the fourth, with larceny of property of the value of $1628.46. Ibid. The court sentenced him to be confined in the state prison, on the first count, one to two years; on the second count, two years; and on the fourth count, one year. He was committed on October 21, 1953. The plaintiff claims, first, that the sentences run concurrently. If that is so, then the maximum term has expired.

General Statutes, § 8825, provides that when any person shall be sentenced to the state prison, otherwise than for execution for a capital offense or for life, "the court imposing the sentence shall establish a maximum and minimum term for which such convict may be held in said prison . . . provided, in case a person shall be sentenced to the State Prison for two or more separate offenses and the term of imprisonment for a second or further term shall be ordered to begin at the expiration of the first and each succeeding term of sentence named in the warrant of commitment, the court imposing such sentences shall name no minimum term of imprisonment except under the first sentence, and the several maximum terms shall . . . be construed as one continuous term of imprisonment." The plaintiff asserts that the phrase "shall be ordered" requires the court, in passing sentence, to state specifically that sentences shall be successive if they are to run consecutively. He claims that only in such a manner can the court impose a maximum sentence without also imposing a minimum sentence for a second and each further offense charged in the same indictment or information, and that the failure of the court in the present case to follow what he claims is the mandate of the statute renders the sentences on the second and fourth counts invalid.

We have said in construing the statute (now § 8825) that when a maximum and a minimum term are fixed under one count and only one period under each of the other counts, the necessary implication is that the terms are to run consecutively. *Abt* v. *Walker,* 126 Conn. 218, 220, 10 A.2d 596. We have also said that "where two or more sentences to state prison are imposed at the same time, ordinarily a maximum and a minimum period are set for the

first offense and only a maximum for the others; General Statutes [§ 8825]; and, if the sentences are to run concurrently, not only should a direction to that effect be given in the judgment but a maximum and a minimum should be fixed for each offense." *Redway* v. *Walker,* 132 Conn. 300, 302, 43 A.2d 748; *Moulthrop* v. *Walker,* 129 Conn. 164, 166, 26 A.2d 789; *United States ex rel. Embree* v. *Cummings,* 233 F.2d 188, 190. The method of imposing sentence employed in the case at bar has been consistently followed in the trial courts. *Joylson* v. *Walker,* 4 Conn. Sup. 204, 205; *Moquin* v. *Walker,* 4 Conn. Sup. 364, 365; *Saraulla* v. *Walker,* 13 Conn. Sup. 307; *Kenney* v. *Walker,* 16 Conn. Sup. 76, 80. We conclude that the maximum terms fixed on each of the counts comprise valid sentences to one continuous term of imprisonment for the aggregate of the maximum terms imposed.

The plaintiff further contends that the sentences on the second and fourth counts, being for two and one year, respectively, violate § 8825 because they are not for indeterminate terms. He relies upon *Leifert* v. *Turkington,* 115 Conn. 600, 162 A. 842. In that case we said (p. 603): "A sentence in which the maximum and minimum period of confinement expire at the same time would be for a definite period, and would not comply with either the letter or spirit of the indeterminate sentence law." The case is not in point because the court in that case was considering the fixing of a sentence for only one offense. Furthermore, when the terms of imprisonment fixed in the sentence of the court are to run consecutively, § 8825 provides that "the court imposing such sentences shall name no minimum term of imprisonment except under the first sentence," which was done in the case at bar. In this event,

the statute states further, "the several maximum terms shall . . . be construed as one continuous term of imprisonment." In the instant case this means an aggregate maximum sentence of five years. *Moulthrop* v. *Walker,* 129 Conn. 164, 167, 26 A.2d 789. This does not, however, make the combined sentences one for a definite term. The sentence on the first count contains a minimum of one year. The aggregate of the maximum terms imposed comprises the maximum sentence. The minimum fixed on the first count is the minimum for the aggregate of the terms of imprisonment. We conclude that the sentences imposed on the second and fourth counts complied with the statute and were valid.

There is no error.

In this opinion the other judges concurred.