ROBERTS, Justice.
This cause is before the court on the return of the respondent, as custodian of the Florida state prison, to a writ of habeas corpus previously issued by this court at the behest of the petitioner. The point of law dispositive of the question whether petitioner is unlawfully restrained of his liberty may be stated as follows:
When a prisoner is incarcerated under two or more consecutive sentences and escapes, does he forfeit the entire gain time accrued at the time he escaped, including that earned by serving the first sentence, even though with credit for gain time the first sentence might be considered to have been served at the time of his escape?
The applicable statute is § 951.21, Fla. Stat. 1957, F.S.A. (formerly § 954.06, Fla. Stat. 1953). Subsection (1) thereof provides for the commutation of time for good conduct according to a formula prescribed therein. The gain time specified increases progressively with the number of years served up to the fifth and all succeeding years, for which fifteen days of gain time per month is allowed. The last sentence of Subsection (1) and Subsection (2) of the statute read as follows:
«(1) * * * A prisoner under two or more cumulative sentences shall be allowed commutation as if they were all one sentence.
*13 “(2) For each sustained charge of escape or attempted escape, mutinous conduct or other serious misconduct, all the commutation which shall have accrued in favor of the prisoner up to that day shall be forfeited, * *
The petitioner here is serving two consecutive sentences of fifteen and five years. It requires eight years, seven months and three days to serve a fifteen-year sentence with credit for gain time. He states that, with such credit, he had completed the serving of his fifteen-year sentence at the time of his escape and that he was then, in effect, serving his second term of five years; and contends that the only gain time he should forfeit because of his escape is that attributable to his five-year term. The Attorney General does not agree that the facts are as stated by the petitioner as the basis for this contention; but assuming, arguen-do, that they are true, this contention cannot be sustained.
The statute provides that "all the commutation which shall have accrued in favor of the prisoner” up to the day of his escape or other misconduct shall be forfeited. (Emphasis added.) If the' Legislature had intended to provide for the forfeiture only of that portion of his gain time earned during and attributable to the particular sentence he was serving at the time of his escape, it would have been a simple matter to so provide. Since they did not, we can conclude only that the- Legislature meant what it said: that all gain time should be forfeited.
Other courts have so interpreted similar statutes. See Aderhold v. Perry, 5 Cir., 1932, 59 F.2d 379, followed in Morgan v. Aderhold, 5 Cir., 1934, 73 F.2d 171; Moulthrop v. Walker, 1942, 129 Conn. 164, 26 A.2d 789; In re Cowen, 1946, 27 Cal.2d 637, 166 P.2d 279, 282. We agree with the California court’s statement in In re Cowen, supra, that “* * * it would be inconsistent to say that a prisoner under consecutive sentences is regarded as undergoing one continuous term of confinement rather than a series of distinct terms, for the purpose of earning credits, yet the same prisoner, when he commits an offense causing those same credits to be forfeited, is to be regarded as serving a series of distinct terms, the earlier ones of which have been completed and the sentences thereon expiated.” And in view of the express wording of the Florida Statutes, as quoted above, such an inconsistent conclusion is especially untenable.
Since the petitioner has not made it appear that he is unlawfully restrained of his liberty, 'the writ heretofore issued should be and it is hereby quashed'.
It is so ordered.
TERRELL, C. J., and DREW, THOR-NAL. and O’CONNELL, JJ., concur.