338 So.2d 239 (1976)
Winifred Huey KIMMONS, Appellant,
v.
Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Appellee.
No. BB-30.
District Court of Appeal of Florida, First District.
October 6, 1976.
Rehearing Denied November 5, 1976.
*240 Winifred Huey Kimmons, in pro. per.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
McCORD, Judge.
This is an appeal from an order denying petition for writ of habeas corpus. Appellant, while serving two twelve-year consecutive sentences for manslaughter, was released on parole. Upon subsequent violation of parole, he was again incarcerated and the Department of Offender Rehabilitation imposed a forfeiture of his gain time which he had accumulated prior to parole. Appellant contends that he had accumulated sufficient gain time prior to parole to terminate the first of the consecutive sentences and that therefore, he having served this sentence, the forfeiture of gain time was unlawful. As to forfeiture of gain time, § 944.28(1), Florida Statutes (1975), provides as follows:
"If a prisoner is convicted of escape, or if the clemency or parole granted to him is revoked, the [Department of Offender Rehabilitation] may, without notice or hearing, declare a forfeiture of all gain time earned and extra gain time allowed such prisoner, if any, prior to such escape or his release under such clemency or parole, as the case may be."
With particular reference to appellant's consecutive sentences, § 944.27(2) provides as follows:
"When a prisoner is under two or more cumulative sentences, he shall be allowed gain time as if they were all one sentence and his gain time, including any extra gain time allowed him under § 944.29, shall be subject to forfeiture as though such sentences were all one sentence."
Subsection (1) of § 944.27 sets forth the gain-time allowances. Under it, if there were no subsection (2), appellant's two consecutive sentences would be treated separately for gain-time purposes, and he would have received gain-time credit on each sentence for only five days per month off the first and second years and only ten days per month off the third and fourth years of each sentence. Because of the operation of subsection (2) of § 944.27 quoted above, had appellant not forfeited his gain-time, he would have received one more year gain-time credit under the operation of § 944.27(2) than he would have received had the two sentences been treated separately. It is, therefore, apparent that the legislature has given a bonus of gain-time to prisoners who receive consecutive sentences, but along with this bonus goes the responsibility of doing nothing that would cause a gain-time forfeiture. All accumulated gain time may be forfeited if a prisoner is granted and then violates the terms of his parole. Gain-time is given to prisoners through the beneficence of the legislature, and the legislature has full authority to establish the terms and conditions thereof. We find nothing discriminatory in the foregoing statutes or in their application to appellant. Under the foregoing statutes, consecutive sentences are treated as a single sentence for gain-time purposes and a prisoner has not served the first of two consecutive sentences until he has served it exclusive of gain-time. Gain-time as to cumulative sentences is only applicable to the sentences as a unit.
AFFIRMED.
RAWLS, Acting C.J., and SMITH, J., concur.