ROBERT P. SMITH, Jr., Acting Chief Judge.
This petition for writ of mandamus, which we treat as a petition for writ of habeas corpus, complains that the Secretary of the Department of Corrections improperly caused petitioner’s gain-time, earned during service of a prior completed sentence, to be forfeited along with gain-time earned on a current, consecutive sentence, when petitioner was convicted of escape. Although the facts are not precisely as in Kimmons v. Wainwright, 338 So.2d 239 (Fla. 1st DCA 1976), cert. denied 346 So.2d 1249 (Fla.), 434 U.S. 843, 98 S.Ct. 142, 54 L.Ed.2d 107, the rule of Kimmons governs this case. Section 944.27(2), Florida Statutes (1977) treats cumulative sentences as “all one sentence” for purposes of accruing and forfeiting gain-time. Petitioner’s five-year sentence for forgery, imposed in 1967, began to run consecutively with petitioner’s ten-year sentence for possession of firearms, imposed June 23, 1966, when the earlier sentence, with gain-time reductions, was completed January 17, 1976. , Petitioner’s two sentences were cumulative for the purposes of Section 944.27(2). When petitioner was convicted of escape from the second sentence on September 19, 1977, all the gain-time he had earned on either sentence, considered as “all one sentence,” was subject to forfeiture. See Joiner v. Sinclair, 110 So.2d 12 (Fla.1959), construing an earlier, but in this respect not dissimilar, statute.
The petition is DENIED.
ERVIN and BOOTH, JJ., concur.