448 So.2d 1067 (1984)
Frank J. BARANKO, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
Nos. AV-109, AV-110.
District Court of Appeal of Florida, First District.
March 21, 1984.
Rehearing Denied May 3, 1984.
*1068 Frank J. Baranko, petitioner pro se.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., for respondent.
PER CURIAM.
Petitioner filed a petition for writ of habeas corpus alleging that his gain-time had not been properly calculated in accordance with Section 944.275, Fla. Stat. (1983), and that, had it been properly calculated, he was entitled to immediate release.[1] After issuing a show cause order and considering three supplemental responses, we agreed with petitioner and issued the writ, stating that this opinion would follow.
The new gain-time law, passed as part of the Correctional Reform Act of 1983, applies to all offenses committed on or after July 1, 1978. § 944.275(6)(a). The Department of Corrections (Department) is to establish for each prisoner a "maximum sentence expiration date"[2] and a "tentative release date". The initial tentative release date is determined by deducting from the maximum sentence expiration date 10 days for each month of each sentence imposed, §§ 944.275(3)(a), (4)(a) and, for prisoners incarcerated on the effective date of the act, deducting all additional gain-time previously awarded under former subsections (2) and (3) and adding all forfeitures previously ordered. § 944.275(6)(c). Thereafter, "[o]ther gain-time shall be applied when granted or restored to make the tentative release date proportionately earlier; and forfeitures of gain-time, when ordered, shall be applied to make the tentative release date proportionately later." § 944.275(3)(a). However, the tentative release date may not be later than the maximum sentence expiration date. § 944.275(3)(c).
Included with three of the four responses received by the court were affidavits executed by the Admission and Release Administrator of the Department which purported to calculate petitioner's release date in accordance with the new gain-time law. However, none of the affidavits indicated petitioner's maximum sentence expiration date, his initial tentative release date, or his current tentative release date. Further, included in the calculations were additions to and deductions from the release date which were not and could not be correlated to the mandates of the new gain-time law. Specifically, 310 days were added to petitioner's release date because "Subject Forfeited the Right to Earn Basic Gaintime for 31 Months Prior to 6/15/83", and 121 days were deducted for "Sentence Adjustment Due to Correctional Reform Act of 1983".
Respondent explained the 121 day deduction by stating that it was an "internal procedure" adjustment due to the Department's determination that certain inmates would be adversely affected by the new statute. Respondent recognized that the Department was not required to give petitioner this deduction, but apparently considered the grant of 121 days of gain-time to be discretionary.
*1069 We do not know of any statute giving the Department the authority to grant additional days of gain-time as a matter of grace. Certainly there is nothing in the Correctional Reform Act of 1983 which would permit such a sentence adjustment. Subsections 944.275(4)(b) and (c) authorize the Department to grant gain-time beyond the basic gain-time award for engaging in positive activities or for performing some outstanding deed. The Department had no authority to reduce a prisoner's sentence by arbitrarily granting gain-time for reasons not specified by statute. "Gain-time is given to prisoners through the beneficence of the legislature, and the legislature has full authority to establish the terms and conditions thereof." Kimmons v. Wainwright, 338 So.2d 239, 240 (Fla. 1st DCA 1976), cert. denied 346 So.2d 1249 (Fla.), cert. denied, 434 U.S. 843, 98 S.Ct. 142, 54 L.Ed.2d 107 (1977). We therefore hold that the deduction of 121 days from the release date as a sentence adjustment cannot be sustained.
For the same reason the addition of 310 days to petitioner's release date due to "forfeiture" of the right to earn gain-time for 31 months is not permissible. Although Section 944.275(6)(c) authorizes the Department to add "forfeitures" previously ordered in determining the initial tentative release date, there had been no "forfeiture" of the right to earn either 310 days gain-time or 31 months of gain-time prior to the effective date of the Act. In the second supplemental response, respondent explained that this "forfeiture" resulted because petitioner lost the right to earn gain-time for 31 months due to disciplinary reports and being placed on close management. However, respondent confuses the failure to earn gain-time under the former gain-time law with the "forfeiture" of gain-time. Under the former law, the Department was to grant gain-time "on a monthly basis, as earned, from the sentence of every prisoner who has committed no infraction of the rules of the department or of the laws of the state and who has performed in a satisfactory and acceptable manner the work, duties, and tasks assigned... ." § 944.275, Fla. Stat. (1981). Under the clear language of the statute a prisoner did not receive gain-time for any month in which he failed to comply with the statutory prerequisites. However, gain-time could not be "forfeited" unless the procedures for forfeiture of gain-time set forth in Section 944.28, Florida Statutes (1979), were followed.
Although the documents submitted by respondent support the forfeiture of 387 days of gain-time based on disciplinary reports, there is no documentary support indicating that the right to earn 310 days gain-time had been forfeited pursuant to Section 944.28. The new gain-time law specifies only that "forfeitures" ordered prior to the effective date of the act would be applied in calculating the initial tentative release date. Had the Legislature so desired, it could have provided that the initial tentative release date would be increased by 10 days per month for every month the prisoner failed to earn gain-time under the former statute. However, the Legislature did not so provide, and therefore the 310 days added to petitioner's release date must be eliminated.
The net result of removing the unwarranted calculations is to deduct 189 days from the tentative release date. Removing 189 days from any of the three proposed release dates set forth in the Department's affidavits required petitioner's release from custody.
ERVIN, C.J., and THOMPSON and NIMMONS, JJ., concur.
NOTES
[1] Petitioner also filed a petition for writ of mandamus alleging improper calculation of his release date which was consolidated with this petition for writ of habeas corpus.
[2] The maximum sentence expiration date is determined by deducting jail time credit from the date the sentence or combined sentences would expire. § 944.275(2)(a), Fla. Stat. (1983).