[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On February 25, 1992, the plaintiff, Ismael Martinez, filed a one count revised complaint against the defendant, D'Addario Industries, Inc. The plaintiff alleges that on June 27, 1991, he was assigned the task of removing concrete blocks from a conveyor belt on the defendant's premises and while attempting to perform that work, his left hand and fingers were drawn into the conveyor mechanism and crushed. The plaintiff further alleges that his injuries were caused by the negligence of the defendant and is claiming damages as a result.
On April 23, 1992, the defendant filed an answer and CT Page 3104 special defenses. The first and third special defenses are at issue here. In its first special defense the defendant claims all applicable set-offs, credits, allocations and contributions pursuant to General Statutes 52-572h and52-225a. In its third special defense the defendant claims that the plaintiff's claims are barred under the workers' compensation statute; General Statutes 31-275, et seq.
On November 18, 1992, the plaintiff filed a motion to strike special defenses, along with a memorandum of law in support. The plaintiff argues that the defendant's first special defense should be stricken on the ground that "the allegations contained in said `First Special Defense' do not constitute a defense to the plaintiff's claims." The plaintiff further argues that the defendant's third special defense should be stricken on the ground that "the special defense fails to state sufficient facts to establish a defense under 31-275 of the General Statutes."
On November 24, 1992, the defendant filed a memorandum of law in opposition to the plaintiff's motion to strike, pursuant to Practice Book 155.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos vs. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "A motion to strike is the proper method of challenging the legal sufficiency of a special defense." Krasnow v. Christensen, 40 Conn. Sup. 287, 288, 492 A.2d 850
(1985, Burns, J.). The test courts use is to ask "whether, if the facts alleged are taken to be true, the allegations provide a. . .defense." County Federal Savings and Loan Ass'n v. Eastern Associates, 3 Conn. App. 582, 585, 491 A.2d 401 (1985). When courts undertake this kind of analysis they "take the facts alleged in the complaint and construe them in a manner [that is] most favorable to the pleader." Progressive Casualty Insurance Co. v. DiGangi, 4 Conn. App. 137, 140, 492 A.2d 548 (1985).
The plaintiff argues in its memorandum of law that the defendant's first special defense does not constitute a legal defense to the plaintiff's complaint because it is improper to raise set-offs, credits, allocations and contributions as a special defense.
The defendant argues that there is no express prohibition of the introduction of evidence of collateral CT Page 3105 sources, prior to the rendering of a verdict, in General Statutes 52-225a. The defendant further argues that pursuant to Practice Book 168, it is specifically authorized to plead this as a special defense.
"In any case in which the defendant has either in law or in equity or in both a. . .right of set-off, against the plaintiff's demand, he may have the benefit of any such set-off. . .by pleading the same as such in his answer. . . ." Practice Book 168. However, General Statutes 52-225a(b) states that:
 Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment.
Collateral sources are defined in General Statutes 52-225b
as follows:
 "Collateral sources" means any payments made to the claimant. . .by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance. . .and any other similar insurance benefits. . .or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services.
Although "there exists a division of authority in Connecticut as to the propriety of asserting collateral source payments as a special defense;" McKinnon v. Escalona,3 Conn. L. Rptr. 265, 266 (February 8, 1991, Wagner, J.)' "the [majority] view is such that a set-off may not be claimed as a special defense." Sherb v. Travelers Indemnity Co., 6 CTLR 432, 434 (May 21, 1992, Hurley, J.). Therefore, section 168 of the Practice Book does not require. . .collateral reduction[s] to be specially pled." Daniels v. Martinczak, 5 CTLR 429, 430 (January 10, 1992, Schaller, J.). CT Page 3106
In its first special defense the defendant claims all applicable set-offs, credits, allocations and contributions pursuant to General Statutes 52-572h and 52-225a. Although Practice Book 168 allows the defendant to plead the benefit of a set-off in its answer, Practice Book 164 states that "facts which are consistent with such statements. . .must be specially alleged" in support thereof. Inasmuch as the defendant failed to plead facts in support of a set-off and since collateral source payments are not considered by the court until after damages are awarded by the trier of fact, collateral source payments are not properly pled as a special defense.
The plaintiff argues that the defendant's third special defense fails to allege that the defendant was the principal employer of the plaintiff, thereby barring the plaintiff's claim under General Statutes 31-291. The plaintiff further argues that the defendant does not even cite General Statutes 31-291, specifically, as a bar to the plaintiff's claim, nor does it allege that the defendant paid any compensation benefits under Chapter 568 of the General Statutes as required by General Statutes 31-92.
The defendant argues that its third special defense is legally sufficient because it does specifically cite to General Statutes 31-275, et seq. The defendant further claims that it has the right to plead its case as it desires and that if the plaintiff wanted a more particular statement of the allegations contained in the third special defense, then he should have filed a Request to Revise.
A special defense which claims that the plaintiff's workers' compensation claim is barred under the statutes is properly raised by a special defense. Grant v. Bassman,221 Conn. 465, 471-73, 604 A.2d 814 (1992). Nevertheless, "[a] special defense must allege facts which are consistent with the plaintiff's statements, but show, notwithstanding, that the plaintiff has no cause of action." BMI Industries, Inc. v. People's Bank, 4 CSCR 205, 206 (January 24, 1989, Kremski, J.), citing Practice Book 164. "That is the definition of a special. . .defense." Second Exeter Corporation v. Epstein,5 Conn. App. 427, 429, 499 A.2d 429 (1985).
"The legal conclusions or opinions stated in [a] special defense are not deemed admitted, but rather must flow from the subordinate facts provided." County Federal Savings Loan CT Page 3107 Ass'n v. Eastern Associates, 3 Conn. App. 582, 586, 491 A.2d 401
(1985), citing McAdam v. Sheldon, 153 Conn. 278, 283,216 A.2d 193 (1965). "[I]f facts provable under the allegations would support a defense. . .the. . .[motion to strike] must fail. (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980), quoting Stradmore Development Corporation v. Commissioners,165 Conn. 548, 550-51, 324 A.2d 919 (1973). However, "[w]hen [a] special defense provides no allegations as to essential elements, the special defense is technically defective." BMI Industries, Inc. v. People's Bank, supra, citing County Federal Savings Loan Ass'n v. Eastern Associates, supra.
In the present case the defendant claims that the plaintiff's claims are barred under the workers' compensation statute; General Statutes 31-275, et seq. However, the defendant was not the plaintiff's employer at the time of the accident at issue. Accordingly, this court finds that the third special defense is a statement of a legal conclusion without sufficient supporting facts.
For the foregoing reasons, the plaintiff's motion to strike is granted.
Clarance J. Jones Judge