## JOSEPH MOQUIN
### vs.
## RALPH H. WALKER, WARDEN

Superior Court          Hartford County          File #54709

Present: Hon. ERNEST A. INGLIS, Judge.

Joseph Moquin, pro se.

Ralph H. Walker, Warden, pro se.

## MEMORANDUM FILED OCTOBER 27, 1936.

INGLIS, J.   The plaintiff in this action was convicted in the Superior Court for Hartford County on April 8th, 1936, in two separate cases, was sentenced in one case to a term of imprisonment of not less than three nor more than four years and in the other case to a term of imprisonment of not less than three nor more than four years execution of this latter sentence to begin at the expiration of the sentence in the former case.   Two separate commitments were issued, one in each case.

The plaintiff claims that these sentences and commitments are invalid because, as he claims, they violate that portion of the Indeterminate Sentence Statute **(Gen. St., Rev. 1930, Sec. 6507)** which reads as follows:

"Provided, in case a person shall be sentenced to the State Prison for two or more separate offenses and the term of imprisonment for a second or further term shall be ordered to begin at the expiration of the first and each succeeding term of sentence named in the warrant of commitment, the court imposing such sentence shall name no minimum term of imprisonment except under the first sentence, and the several maximum terms shall, for the purpose of this section and of **Sections 6509, 6510, 6511, 6512, 6513 and 6514,** be construed as one continuous term of imprisonment."

A sentence is the judgment in a single case.   Each case ends in a single judgment no matter how many separate offenses are charged in the single information in the case.   If on the other hand, a single accused is proceeded against on two or more separate and distinct informations there are as many separate cases against that accused as there are separate informations and each of those cases in which there is a conviction ends in a sentence or judgment.   Upon each separate judgment or sentence a separate warrant of commitment has to be issued.

The statute quoted above speaks not of one sentence succeeding another sentence but rather of a "**term** of imprisonment following a first—**term** of sentence".   It further speaks of such successive terms named in **the** warrant of commitment and that is in the singular.   It is clear, therefore, that what

the statute is intended to do is to direct the way that a single sentence shall be imposed where that sentence is the judgment in a single case in which the accused has been convicted of several charges. It is not intended to direct as to how sentences shall be imposed in two or more separate cases which happen to be against the same accused. Each separate sentence in a case in which there have been convictions on several counts shall provide for a minimum and maximum term on the first count and only maximum terms on the second count. But on the other hand each separate sentence where it is upon only one count must provide for a minimum and maximum term and this is true even though several such separate sentences are imposed upon the same person at approximately the same time.

Under this interpretation of the statute, it is obvious that the two separate sentences imposed upon the plaintiff here, they having been imposed in two separate cases, were imposed strictly in accordance with the statute.

Judgment may enter for the respondent that the application for a writ of habeas corpus be dismissed and the applicant be recommitted to the respondent.