STATE OF CONNECTICUT *v.* CLIFTON S. DOWDY
(two cases)

STATE OF CONNECTICUT *v.* MELVIN E. KNIGHTON

REVIEW DIVISION OF THE SUPERIOR COURT

Decided December 21, 1967

*Harry Ossen,* special public defender, for the defendant Dowdy (Litchfield County, No. 4459).

*Thomas F. Wall,* state's attorney, for the state.

*Walter D. Flanagan,* assistant public defender, for the defendant Dowdy (Fairfield County, No. 16689).

*Arlen D. Nickowitz,* assistant state's attorney, for the state.

*Nathan Aaron,* of Hartford, for the defendant Knighton.

*Thomas F. Wall,* state's attorney, for the state.

BY THE DIVISION. In these cases the parties and their counsel stipulated and agreed that the hearings on the applications for review of the sentences in question be held before two judges and that said two judges shall render decisions on such applications. Section 51-194 of the General Statutes provides that "[t]he chief justice shall appoint three judges of the superior court to act as a review division of said court," and the "decision of any two of such judges shall be sufficient to determine any matter before the review division." The question arises whether it is permissible for the parties to waive their rights to a hearing before, and a decision by, a Review Division of three judges.

"A right of trial by jury even when guaranteed by the constitution may be waived . . . ." *Nowey*

v. *Kravitz,* 133 Conn. 394, 395; *Krupa* v. *Farming-ton River Power Co.,* 147 Conn. 153, 156. "The constitutional right of any accused in a criminal case to have the assistance of counsel may be waived . . . ." *State* v. *Nash,* 149 Conn. 655, 662. The constitutional right to a speedy trial may be waived. *State* v. *Hodge,* 153 Conn. 564, 569. We are satisfied that it was proper for the parties in these cases to waive their statutory right in each case to a decision by a Review Division of three judges and to agree to accept a decision by a Review Division of two judges, as they have done.

I

CLIFTON S. DOWDY (LITCHFIELD COUNTY, No. 4459)

The defendant Dowdy, age twenty-one, pleaded guilty to the Litchfield County information which charged him in two counts, the first being breaking and entering a building in Torrington on April 3, 1966, in violation of § 53-76 of the General Statutes, and the second being larceny in Torrington on April 3, 1966, of goods, chattels and money, the value of which exceeded $250 but did not exceed $2000, in violation of § 53-63 of the General Statutes. The penalty prescribed by § 53-76 is imprisonment for not more than four years. The penalty prescribed by § 53-63 where the value involved exceeds $250 but does not exceed $2000 is imprisonment for not more than five years or a fine of not more than $500 or both. On November 17, 1966, the court imposed a sentence of not less than three years and not more than five years on the larceny count and one year on the breaking and entering count, making an effective sentence of not less than three years and not more than six years.

On Sunday, April 3, 1966, at about 7:55 p.m., the owner of a Torrington package store went to

the store to do some paper work. As he was unlocking the front door of the store, he saw two men behind the counter. The men, who were Clifton S. Dowdy and Melvin E. Knighton, ran out the back door and left the scene in a white Cadillac car owned by Dowdy. When apprehended by the police in Winsted, the officer observed a television set, a radio and a carton of assorted whiskey on the back seat of the car, and further investigation revealed that the trunk of the car was also full. The police recovered a vacuum cleaner, a hot plate, a radio, a television set, 227 bottles of liquor (many of which were pints and half pints), and cash amounting to $47. The total value of all the articles and money was approximately $787. A key found in Dowdy's possession fitted the front door of the package store. The presentence report indicates that Dowdy claimed that this key was to his home in Hartford and that he found the back door of the package store open when Knighton and he came to the scene of the break.

Although Dowdy was only twenty-one years of age when sentenced, he had had problems with the law over the years. The sentencing court noted that it was eliminating from its consideration those arrests in the past which were "on suspicious circumstances resulting in his eventually being released." However, it noted that he had been convicted of assault and battery, disorderly conduct, breach of peace, and resistance. In 1961, he was committed to a juvenile home for admittedly stealing a car. The court indicated it did not take the disorderly conduct and vagrancy matters too seriously. While free on bail on the charges involved in this case, he was arrested in Hartford for an offense which involved breach of the peace and resistance to an officer. As the court said, "apparently his arrest on this very serious charge which

he faces now didn't make much impression on him." At the time he was sentenced in this case, he had not yet been sentenced in Fairfield County (No. 16689) for crimes previously committed there. See part II of this opinion. His behavior prior to his sentencing in this case demonstrated a disregard for law and social sanctions. The sentencing court carefully weighed the considerations pertinent and proper to sentencing the defendant Dowdy.

The Division is of the opinion that the sentence under the Litchfield County information is fair and just and should stand.

## II

CLIFTON S. DOWDY (FAIRFIELD COUNTY, No. 16689)

Before Dowdy committed the Torrington store break on April 3, 1966, for which he was sentenced in Litchfield County on November 17, 1966, he had previously pleaded guilty to this Fairfield County information charging him with the theft of a motor vehicle in violation of § 53-57 of the General Statutes, which prescribes imprisonment for not more than fifteen years for the first offense. On March 10, 1967, the court imposed a sentence of not less than a year and a day and not more than three years, "said sentence to begin after the completion of the sentence you are now serving" for the Litchfield County offenses.

Shortly before 2 a.m. on October 21, 1966, a Norwalk police officer on car patrol observed a pickup truck on the Post Road heading toward Westport and operating without lights. The officer attempted to stop the truck by turning on the flashing lights on his patrol car. Instead of stopping, the operator of the truck increased his speed. The operator was the defendant Dowdy. A chase ensued, and the pursuing police car had to exceed

speeds of over seventy miles per hour to approach the truck. Other police cars joined the chase. On several occasions, the pursuing police cars succeeded in driving alongside the speeding truck, but each time Dowdy would veer toward the police cars as if to ram them and thus cause the police cars to take evasive action. The pursuit ended when the pickup truck ran into an embankment in Westport. Dowdy attempted to flee from the scene, and he was captured after a struggle. A 600-pound safe was found in the back of the pickup truck. A check by the police disclosed that the truck was owned by a Norwalk automobile agency which had been broken into and from which the safe on the pickup truck had been removed. While Dowdy was being taken into custody, a car containing three males drove by, and police noted they displayed an unusual interest in the proceedings. None of these three owned the car, and a check with the Hartford police disclosed that the owner had given no one permission to use the car. The Hartford police also reported that the four males in custody were known in Hartford as "safe men" and associated together on "safe jobs." After a warrant was obtained to search the car carrying the three males, among other things the inside of that car disclosed a pry bar, which matched the pry marks on the door of the car agency, and nine pairs of cuff links, identified as having been in the car agency's office. Evidence found at the car agency by the police connected the four, including Dowdy, who had been taken into custody.

At sentencing, the state recommended that the defendant Dowdy be sentenced to a term of "one year and one day to three years in the state prison, that sentence to take effect upon the service of the sentence that he is presently serving." Defense counsel at that time, in speaking of Dowdy, said: "He was aware and I have conversed with him in

regard to the recommendation of the state prior to his plea, and he is aware and I here ask that the court accept the recommendation of the state in that case." The court accepted the recommendation and sentenced accordingly. However, at the hearing on the application for review of this sentence, counsel for Dowdy stated that while the sentence was not excessive per se, it should be made concurrent with and not consecutive to the sentence imposed in Litchfield County and being served at the time he was sentenced in Fairfield County. The Division, under all the circumstances, sees no valid reason to disturb the sentence imposed under the Fairfield County information.

The sentence imposed in Fairfield County is fair and just and should stand.

## III

### MELVIN E. KNIGHTON

The defendant Melvin Knighton, age twenty-four years, was sentenced in Litchfield County on two informations, a Litchfield County information in two counts and a Hartford County information in four counts. He pleaded guilty to all counts of both informations. The Litchfield County information charged him in the first count with the crime of breaking and entering in Torrington on April 3, 1966, in violation of § 53-76 of the General Statutes, and in the second count with the crime of larceny in Torrington on April 3, 1966, with the value involved exceeding $250 but not exceeding $2000, in violation of § 53-63 of the General Statutes. The penalty prescribed by § 53-76 is imprisonment for not more than four years. The penalty prescribed by § 53-63 where the value of the property stolen exceeds $250 but does not exceed $2000 is imprisonment for not more than five years or a fine of not

more than $500 or both. The court imposed a sentence of not less than three years and not more than five years on the larceny count, and one year on the breaking and entering count, making an effective sentence of not less than three years and not more than six years. This was the same sentence which Knighton's codefendant, Clifton S. Dowdy, had received for the same crimes in Litchfield County, involving the Torrington package store break on April 3, 1966, in which both Knighton and Dowdy participated. See part I of this opinion.

The Hartford County information charged the defendant Knighton in four counts. The first count charged him with the crime of attempt to break and enter a Hartford restaurant on July 19, 1966, in violation of § 53-77 of the General Statutes. The second count charged him with the crime of possession of burglars' tools in the night in Hartford on July 19, 1966, in violation of § 53-71 of the General Statutes. The third count charged him with breaking and entering in Granby on August 23, 1966, in violation of § 53-76 of the General Statutes. The fourth count charged that on August 23, 1966, he did "possess, have under his control, sell or dispense narcotic drugs, to wit: marihuana (as defined in Section 19-244 of the General Statutes of Connecticut), in violation of Sections 19-246 and 19-265a of the 1965 Supplement to the General Statutes." Under § 53-77, the penalty prescribed for attempt to break and enter is imprisonment for not more than two years. Under § 53-71, the penalty prescribed for possession of burglars' tools in the night is imprisonment for not more than five years. Under § 53-76, the penalty prescribed for breaking and entering is imprisonment for not more than four years. Under § 19-265a, the penalty prescribed is imprisonment for not more than five years. (This section also provides that the court may commit an

accused to the commissioner of mental health in accordance with the provisions of chapter 344b).

In sentencing the defendant Knighton under both the Litchfield County and Hartford County informations, the court said: "I will impose the same sentence for the Litchfield offenses as I did in the case of Mr. Dowdy. In other words, on the larceny, not less than three nor more than five; on the breaking and entering, an additional year, making a total there of three to six, an overall total. On the Hartford offense, on the first count, I believe the first—of attempted breaking and entering, one of the two, not less than one nor more than two; possession of burglary tools, an additional year, making the total effective sentence for that particular incident not less than one nor more than three. On the Granby incident, on the breaking and entering, not less than one nor more than three. Now, those sentences, I will order to be served consecutively so that the total would be five to twelve. On the drug violation, not less than one nor more than five to be served concurrently, so that he will not serve any additional time for that. I feel that that's as far as I can go."

The circumstances of Knighton's involvement in the Torrington package store break of April 3, 1966, have been hereinbefore mentioned. See part I of this opinion. The first and second counts of the Hartford County information stem from a police investigation of an incident at a Hartford restaurant at 3:45 a.m. on July 19, 1966, when police observed three men, including Knighton, standing in the darkness at the rear of a grill. The men fled, and Knighton and one Westry were apprehended. Burglar tools were found near the location where Knighton was first observed, and several pieces of brick had been chiseled from the rear wall of the grill. The third and fourth counts arose

out of events that occurred in the early morning hours of August 23, 1966, in Granby. At 12:18 a.m. on that date, police received a report that someone was breaking into a package store in Granby. Knighton was apprehended at the package store, where he had removed a double window fan from the store window. He had burglary tools in his possession when apprehended, as well as a walkie-talkie radio which was still turned on with noises emanating from it. Two hand-rolled marihuana cigarettes were found in the pocket of his shirt at that time. Knighton was out on bond for the Torrington package store break of April 3, 1966, and the Hartford restaurant incident of July 19, 1966, at the time he was apprehended at the Granby package store on August 23, 1966.

His record goes back to 1959, when he was bound over to the Superior Court for breaking and entering with criminal intent and theft, for which he received a suspended sentence with two years' probation. In 1961, he received a sentence of one year in jail for violation of that probation. He has a number of breach of the peace convictions and one conviction for interfering with a police officer. His past record, his nonchalant disregard for the property of others, and his alarmingly consistent involvement in the serious crimes in Torrington, Hartford and Granby, called for stern treatment.

In view of the offenses committed and the defendant Knighton's prior record, the Division is of the opinion that a total term of imprisonment of not less than five years nor more than twelve years for the offenses charged under the Litchfield County and Hartford County informations is fair and just.

A question does arise, however, as to the manner in which the sentences here in question were imposed. As previously stated, the sentence on the

two-count Litchfield information was not less than three nor more than five years on one count and one year on the second count, making an effective sentence of not less than three years nor more than six years. On the four-count Hartford information, sentence was imposed as follows: On the first count not less than one nor more than two years and on the second count an additional year, the court stating that the total effective sentence on the first and second counts was not less than one nor more than three years. On the third count, the sentence was not less than one year nor more than three years. At this point, the court said: "Now, those sentences, I will order to be served consecutively so that the total would be five to twelve." A concurrent sentence of not less than one nor more than five years was ordered on the fourth count. The only way in which the court's stated minimum of five years can be arrived at is to add the minimum of three years on the Litchfield County sentence, the minimum of one year on the first and second counts of the Hartford County information, and the minimum of one year on the third count of the Hartford County information. The court's stated maximum of twelve years is arrived at by adding the maximum of six years on the Litchfield County sentence, the maximum of two years on the first count of the Hartford County information, the one year on the second count of that information, and the maximum of three years on the third count of that information.

Since 1901 (Public Acts 1901, c. 78, § 1), any sentence to the state prison, otherwise than for life or in connection with a sentence of execution for a capital offense, has been governed by the Indeterminate Sentence Act, now § 54-121 of the General Statutes, which provides that "the court imposing the sentence shall establish a maximum and mini-

mum term for which such convict may be held in said prison. The maximum term shall not be longer than the maximum term of imprisonment prescribed by law as a penalty for such offense, and the minimum term shall not be less than one year; . . . provided, in case a person is sentenced to the State Prison for two or more separate offenses and the term of imprisonment for a second or further term is ordered to begin at the expiration of the first and each succeeding term of sentence named in the warrant of commitment, the court imposing such sentences shall name no minimum term of imprisonment except under the first sentence, and the several maximum terms shall, for the purpose of this section and of sections 54-125 and 54-131, inclusive, be construed as one continuous term of imprisonment."

In *Moquin* v. *Walker,* 4 Conn. Sup. 364, 365, Judge Inglis said: "A sentence is the judgment in a single case. Each case ends in a single judgment no matter how many separate offenses are charged in the single information in the case. If on the other hand, a single accused is proceeded against on two or more separate and distinct informations there are as many separate cases against that accused as there are separate informations and each of those cases in which there is a conviction ends in a sentence or judgment. Upon each separate judgment or sentence a separate warrant of commitment has to be issued. . . . It is clear, therefore, that what the statute is intended to do is to direct the way that a single sentence shall be imposed where that sentence is the judgment in a single case in which the accused has been convicted of several charges. It is not intended to direct as to how sentences shall be imposed in two or more separate cases which happen to be against the same accused." See also *Kenney* v. *Walker,* 16 Conn. Sup. 76 *(King, J.).*

Accordingly, the two counts in the Litchfield County information against Knighton constitute one case, and the four counts in the Hartford County information against him constitute a separate and distinct case. The sentence under the Litchfield County information of not less than three nor more than five years on one count and one year on the other count was in accordance with the provisions of the statute, by virtue of which it became an effective sentence of not less than three years and not more than six years. *Abt* v. *Walker,* 126 Conn. 218, 220.

The sentence imposed under the Litchfield County information is just and proper and should stand.

The sentence under the Hartford County information fixed a minimum and a maximum on the first, third and fourth counts, and a term of one year on the second count, and the court ordered the sentences on the first, second and third counts to be served consecutively to the sentence under the Litchfield County information, and further ordered the sentence under the fourth count to be served concurrently, "so that . . . [the defendant] will not serve any additional time for that." The defendant has not raised any question about this sentence other than to ask for a reduction of the overall term, but we feel constrained to consider whether it has been properly imposed.

Under our indeterminate sentence law, where two or more sentences are imposed under a single information, ordinarily a minimum and a maximum period are set for the first offense for which sentence is imposed and only a maximum for the others. Sentences so imposed run consecutively by reason of § 54-121. If the court intends to have the sentences run concurrently, "not only should a direction to that effect be given in the judgment

but a maximum and a minimum should be fixed for each offense." *Redway* v. *Walker,* 132 Conn. 300, 303; see *Arnold* v. *Cummings,* 143 Conn. 559, 561; *Abt* v. *Walker,* supra. It is therefore apparent that in the imposition of a sentence to the state prison under a single information containing multiple counts, a sentencing court has two alternatives. It may fix a minimum and a maximum term on one count and only maximum terms for the other counts in the information, in which case the effective sentence by virtue of § 54-121 will be the minimum fixed on one count, and the maximum will be the total of the maximum terms imposed on each count contained in the information. If the court desires to have the terms of sentence imposed on multiple counts in a single information run concurrently, it must so direct, and it must also fix a minimum and a maximum term on each and every count contained in the information. Where sentences are being imposed under two or more informations at the same time, the sentence must be imposed separately under each information in the manner above set forth. Thereafter, the court in its discretion may order the effective sentences under each separate information to be served consecutively or concurrently. This power derives from the common law. 15 Am. Jur. 121, Criminal Law, § 464; 24B C.J.S. 628, Criminal Law, § 1994.

It follows that the sentence under the Hartford County information was improper because it was not in accordance with either of the alternative methods of imposing sentences to the state prison. It did not fix a minimum and a maximum on one count and only maximum terms on the other counts as required by § 54-121; and it did not fix minimum and maximum terms on all four counts, as it is necessary to do where a concurrent sentence is intended.

The Division is of the opinion that the sentence imposed under the Hartford County information was incorrectly stated, and should therefore be modified to accord with the governing law.

The Review Division is authorized to "order such different sentence or sentences to be imposed as could have been imposed at the time of the imposition of the sentence under review." General Statutes § 51-196. Pursuant to this authority, it is ordered that the defendant Knighton be resentenced to the state prison under the Hartford County information in the following manner: On the third count thereof, for a term of not less than two and not more than three years; on the first count, a term of one year; on the second count a term of one year; and on the fourth count a term of one year, making an effective sentence of not less than two and not more than six years, to take effect and be served upon the completion of the defendant's effective sentence under the Litchfield County information of not less than three and not more than six years.

HEALEY and PALMER, Js., participated in this decision.