STATE OF CONNECTICUT *v.* JOHN L. NORMAN

REVIEW DIVISION OF THE SUPERIOR COURT

Decided May 30, 1972

(Nos. CR 14-128015, CR 14-138887, CR 14-138946, CR 14-139538).

*John Barry,* public defender, for the defendant.

*Cornelius J. Shea,* prosecuting attorney, for the state.

BY THE DIVISION. On January 5, 1972, the defendant, then twenty-four years old, pleaded guilty to several counts in various informations to breaking and entering a dwelling in the daytime and to breaking and entering with criminal intent. The maximum

penalty for these offenses is a term in prison for not more than four years. General Statutes §§ 53-73, 53-76.

The defendant had been a narcotics addict for a number of years. He eventually reached a peak of twenty-five bags of heroin a day. Since he could not support this habit through normal channels, he began to break into homes in the Hartford area to get goods or money to purchase drugs. Finally, he was apprehended and he admitted to the police the breaks he had made during the preceding months.

He received sentences of two to four years on the various counts. Considering his background, his need for rehabilitation, and the protection of society, the individual sentences were not harsh or excessive.

The overall sentence, however, was improper. The defendant was first sentenced in No. CR 14-139538, on the first count, to not less than two nor more than four years in state prison and, on the second count, to not less than two nor more than four years in prison, to run consecutively. Then he was sentenced in No. CR 14-138887 to not less than two nor more than four years, to run concurrently with No. CR 14-139538. Next, he was sentenced in No. CR 14-138946 to not less than two nor more than four years on the first count, in state prison, and to not less than two nor more than four years on the second count, in state prison, to run concurrently with the first count. The court said the effective sentence is not less than four nor more than eight years, with probation for two years upon his release from prison. Finally, he was brought back and sentenced in No. CR 14-128015 to not less than two years nor more than four years, to run concurrently with the previous sentence, with the total effective sentence to remain not less than four and not more than eight years.

The four-to-eight-year term was well within the discretion of the court and must stand.

In a single information with multiple counts, a court may fix consecutive sentences by ordering a minimum and a maximum on one count and a maximum sentence for the other counts. *State* v. *Dowdy,* 27 Conn. Sup. 316. Setting minimum and maximum terms for all counts on such an information, with the terms to run consecutively, is not proper. The sentence given in No. CR 14-139538 does not comply with this rule. The order should have been concurrent sentences on each count in No. CR 14-139538. Then, to carry out its intention to make an effective sentence of four to eight years, the court should have made the two-to-four-year sentence in No. CR 14-138887 consecutive to that given in No. CR 14-139538. The concurrent sentences on the two counts in No. CR 14-138946 and the sentence in No. CR 14-128015 obviously were concurrent with the previous sentences given and were proper sentences.

Inasmuch as no part of the sentence was suspended, the provision for probation was not proper.

The defendant must be resentenced within the framework outlined above, to carry out the intention of the court and so that a legal sentence will result.

DANNEHY, O'SULLIVAN and SIDOR, Js., participated in this decision.