JESSIE GREEN *v.* WARDEN, CONNECTICUT
CORRECTIONAL INSTITUTION, SOMERS

COTTER, C. J., LOISELLE, LONGO, PETERS and A. HEALEY, Js.

Argued June 12—decision released August 14, 1979

*Charles D. Gill,* public defender, for the appellant (plaintiff).

*George D. Stoughton,* state's attorney, for the appellee (defendant).

ARTHUR H. HEALEY, J. On January 24, 1975, the plaintiff in this habeas corpus proceeding was convicted upon a trial to the jury of both counts of a two-count information; the first charged the plaintiff with robbery in the first degree, in violation of General Statutes § 53a-134 (a) (2), and the second charged him with kidnapping in the second degree,

in violation of General Statutes §§ 53a-94 and 53a-91 (2) (b). On March 14, 1975, he was sentenced on the first count to a term of not less than ten nor more than twenty years and, on the second count, to a term of not less than five nor more than twenty years, the terms to run consecutively, for an effective sentence of not less than fifteen years nor more than forty years.

In his petition to the Superior Court for a writ of habeas corpus, the plaintiff claimed that the sentence imposed was in violation of General Statutes § 53a-37,[1] and that, in imposing consecutive sentences under that statute, the court was required to set a minimum and maximum term of imprisonment on the first count only and to sentence him to a fixed number of years on the second count, which was to be added to the maximum term imposed under the first count. The trial court concluded that, under § 53a-37, a court is authorized to impose minimum and maximum terms on each count of a multiple-count information and to direct that the

[1] "[General Statutes] Sec. 53a-37. MULTIPLE SENTENCES: CONCURRENT OR CONSECUTIVE, MINIMUM TERM. When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed. When a person is sentenced for two or more counts each constituting a separate offense, the court may order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each. The court in such cases shall not set any minimum term of imprisonment except under the first count, and the fixed number of years imposed for the second and subsequent counts shall be added to the maximum term imposed by the court on the first count."

terms run consecutively, and thus that the plaintiff's effective sentence of fifteen to forty years did not violate § 53a-37.

On this appeal, the plaintiff claims that the court below erred in concluding that § 53a-37 authorized the sentence imposed. This claim is without merit.

Prior to October 1, 1971, General Statutes § 54-121 set forth the procedure by which a person was sentenced to the state prison for two or more separate offenses. It provided that a court imposing consecutive sentences "shall name no minimum term of imprisonment except under the first sentence, and the several maximum terms shall . . . be construed as one continuous term of imprisonment." General Statutes (Rev. 1958) § 54-121.[2] A new penal code was enacted by the 1969 session of the General Assembly to be effective on October 1, 1971. Public Acts 1969, No. 828, §§ 1, 215. Section 214 of that act repealed § 54-121 and the first two sentences of what is now § 53a-37 were enacted as § 37.[3] Section 37 substantially altered the procedure to be utilized where multiple sentences are imposed. It

[2] Because the plaintiff was sentenced under separate counts of the same information, had he been sentenced under § 54-121 as it appeared in the 1958 Revision, the argument he now makes would have merit. See State v. Dowdy, 27 Conn. Sup. 316, 329, 237 A.2d 565 (1967).

[3] Section 37 of Public Acts 1969, No. 828, provided: "When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other and shall state in conclusion the effective sentence imposed."

permitted a court to impose multiple sentences according to which the maximum and minimum terms would run consecutively or concurrently with respect to each other and provided that the court state the effective sentence imposed at the conclusion of the sentencing. Further, it made no distinction between sentences imposed on separate informations and those imposed on separate counts of the same information.

Section 53a-37 of the General Statutes was amended by § 4 of Public Acts 1973, No. 73-639, which added the last two sentences of § 53a-37 as it now appears. This 1973 amendment added the following language: "When a person is sentenced for two or more counts each constituting a separate offense, the court may order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each. The court in such cases shall not set any minimum term of imprisonment except under the first count, and the fixed number of years imposed for the second and subsequent counts shall be added to the maximum term imposed by the court on the first count."

In substance, the plaintiff claims that the court cannot, consistent with this added language of § 53a-37, legally impose a minimum and maximum term on the second count of an information to be consecutive to a minimum and maximum term imposed on the first count of the same information. We do not agree.

The basic rule of statutory construction requires us to ascertain the intention of the law-making body; *Bell* v. *Planning & Zoning Commission,* 173 Conn. 223, 226, 377 A.2d 299 (1977); *Bridgeman* v. *Derby,* 104 Conn. 1, 8, 132 A. 25 (1926); and to

construe the statute in a manner that effectuates that intent. *Sillman* v. *Sillman,* 168 Conn. 144, 147, 358 A.2d 150 (1975); *Hurlbut* v. *Lemelin,* 155 Conn. 68, 73, 230 A.2d 36 (1967); 2A Sutherland, Statutory Construction (4th Ed.) § 45.05. We are mindful, however, that "[t]he intention of the legislature is found not in what it meant to say, but in the meaning of what it did say." *Colli* v. *Real Estate Commission,* 169 Conn. 445, 452, 364 A.2d 167 (1975). Our interpretation of § 53a-37 derives only from the clear and unambiguous language of the statute, which we determine is not subject to modification by construction. See *State* v. *Simmons,* 155 Conn. 502, 504, 234 A.2d 835 (1967). The plaintiff claims that § 53a-37 allows the sentencing court to set a minimum and maximum term on separate counts of the same information only when the terms are to run concurrently.[4] The short answer is that § 53a-37 plainly does not so provide. The statute first states that multiple sentences of imprisonment "shall run either concurrently or consecutively with respect to each other. . . ." It then requires the court to "state whether the respective *maxima* and *minima* shall run concurrently or consecutively with respect to each other. . . ." (Emphasis added.) By using the words "minima" and "maxima," the drafters clearly intended to authorize multiple sentences with consecutive minimum and maximum terms. The statute goes on to provide that when a defendant is sentenced on two or more counts "the court *may* order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each." (Emphasis added.) The word "may" is permissive and not

[4] Although the plaintiff cites *State* v. *Dowdy,* 27 Conn. Sup. 316, 237 A.2d 565 (1967), as authority for this claim, *Dowdy* construed § 54-121 and not § 53a-37.

mandatory. See *Shulman* v. *Zoning Board of Appeals,* 154 Conn. 426, 428, 226 A.2d 380 (1967). Hence, if the court *chooses* to set a fixed number of years on the additional counts, then in that event only, "the fixed number of years imposed for the second and subsequent counts *shall* be added to the maximum term imposed by the court on the first count." (Emphasis added.) We do not read the last two sentences of § 53a-37 as requiring the court to set a fixed number of years on the additional counts. "The words 'shall' and 'may' must be assumed to have been used with discrimination and with a full awareness of the difference in their ordinary meanings." *Shulman* v. *Zoning Board of Appeals,* supra, 428–29; see also, *Jones* v. *Civil Service Commission,* 175 Conn. 504, 509, 400 A.2d 721 (1978).

As the trial court correctly pointed out, this statute provides for three sentencing options where multiple sentences are imposed at the same time: the sentencing court may set minimum and maximum terms on each count and direct that the sentences so imposed run concurrently; it may set minimum and maximum terms on each count and direct that the sentences so imposed run consecutively; and it may impose a minimum and maximum term on the first count and a fixed term for the second and each subsequent count, the fixed terms to be added to the maximum term imposed on the first count. The plaintiff's sentence was imposed under the second option contained in § 53a-37 and is, therefore, a legal sentence.

There is no error.

In this opinion the other judges concurred.