*Francis v. Commissioner of Correction*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand twenty.

PRESENT:
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

Kermit Francis,

> *Petitioner-Appellant*,

> v.                                                                    No. 19-1033

Commissioner of Correction,

> *Respondent-Appellee*,

Mulligan, Warden,

> *Respondent*.

_____

**For Petitioner-Appellant:**       RANDOLPH Z. VOLKELL, Merrick, NY.

**For Respondent-Appellee:**       JAMES M. RALLS, Assistant State's Attorney, Appellate Bureau, Office of the Chief State's Attorney, Rocky Hill, CT.

Appeal from the United States District Court for the District of Connecticut (Stefan R. Underhill, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **VACATED**, and the case is **REMANDED** to the district court for further proceedings consistent with this order.

Petitioner-Appellant Kermit Francis appeals from a judgment of the district court (Underhill, *C.J.*) dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254 as time barred. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As relevant here, the statute of limitations applicable to habeas petitions is one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*.

§ 2244(d)(1)(A). Between the district court and the parties, we are told that Francis's judgment became final on three different dates.

The district court identified November 16, 1998 – the last day on which Francis could petition the U.S. Supreme Court to review his conviction – as the date that the judgment became final. The Commissioner of Correction, by contrast, argues that Francis's judgment became final sometime before December 2, 1998, when the Sentence Review Division of the Connecticut Superior Court[1] affirmed Francis's sentence.[2] But in either case, Francis's petition would have been time barred when he filed it in May 2018.

Not surprisingly, Francis disagrees with both. Although he acknowledges that his convictions for murder and possession of a firearm without a permit became final in 1998, he insists that the third count of his information, for alteration of a firearm serial number, was still pending at that time, having been sent back to

---

[1] The Sentence Review Division is "an arm of the [Connecticut] Superior Court," which possesses "discretionary authority to review prison sentences." *State v. Nardini*, 187 Conn. 109, 122, 127 (1982). "[N]either the state nor the defendant may appeal from the decision of the [S]entence [R]eview [D]ivision." *Id.* at 117.

[2] Specifically, the Commissioner's brief on appeal argues that Francis's judgment became final when the vacated count for altering a firearm serial number was dismissed, which, according to the Commissioner, occurred prior to the issuance of the Sentence Review Division's decision – that is, "December 1, 1998, at the latest." Commissioner Br. at 9.

the Connecticut Superior Court for a new trial. And while the state ultimately chose not to retry him, Francis tells us that this last count was not formally dismissed until September 25, 2018, when he received a "mittimus" from the state court.[3] It was not until that date, says Francis, that his judgment became final.

"[F]inality is variously defined, and its precise meaning depends on context." *Burrell v. United States*, 467 F.3d 160, 163 (2d Cir. 2006) (internal quotation marks omitted). In a criminal case, "[f]inal judgment . . . means sentence" – in other words, "[t]he sentence *is* the judgment." *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (emphasis added) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). A literal reading of that rule would seem to support the Commissioner's position that Francis's judgment became final sometime in late 1998, before the Sentence Review Division affirmed Francis's sentence on the murder and permit counts. But things are not that simple.

---

[3] Under Connecticut law, a mittimus is "a clerical document by virtue of which a person is transported to and rightly held in prison." *Comm'r of Corr. v. Gordon*, 228 Conn. 384, 392 (1994). "If the judgment of the court and the language of the mittimus conflict, the judgment prevails because the prisoner is not detained by virtue of the warrant of commitment, but on account of the judgment and sentence." *Id.* For whatever reason, Francis did not provide that mittimus to the district court or to us, and neither party has attempted to explain the significance of a newly issued mittimus where, as here, a defendant has been incarcerated for well over two decades.

Francis was charged in a multicount information, and it is a general rule that a charging instrument, even one with multiple counts, results in only a single judgment. *See Burrell*, 467 F.3d at 168; *see also United States v. Dodson*, 291 F.3d 268, 274 (4th Cir. 2002) (explaining that when "convictions and sentences arise from a multicount indictment, a single judgment of conviction results").[4]  A natural consequence of that fact, it seems to us, is that each count in an information must be formally disposed of – whether through a conviction, an acquittal, or a dismissal – for a judgment to become final. But there is an exception:  when an appellate court affirms a conviction and sentence on at least one count and remands the case to the trial court "only [for] the ministerial task of entering a new judgment, the original judgment is the relevant judgment for habeas purposes."

---

[4] Connecticut courts have adopted a similar stance with respect to multi-count charging instruments. *See State v. Dowdy*, 27 Conn. Supp. 316, 327 (Super. Ct. 1967) ("A sentence is the judgment in a single case.  Each case ends in a single judgment no matter how many separate offenses are charged in the single information in the case.  If on the other hand, a single accused is proceeded against on two or more separate and distinct informations there are as many separate cases against the accused as there are separate informations and each of those cases in which there is a conviction ends in a sentence or judgment." (quoting *Moquin v. Walker*, 4 Conn. Supp. 364, 365 (Super. Ct. 1936)); *see also State v. Wright*, 319 Conn. 684, 685 (2015) (referring to "*the judgment* of conviction" rendered following the defendant's conviction on a multi-count information (emphasis added)).

5

*Gonzalez v. United States*, 792 F.3d 232, 236 (2d Cir. 2015); *see also Burrell*, 467 F.3d at 169.

The district court relied on that ministerial exception to decide Francis's case. Specifically, instead of determining when the alteration count was formally dismissed, the district court reasoned that the Connecticut Supreme Court's remand to the Superior Court was for a purely ministerial purpose, as the Superior Court was not required to take any action unless the state ultimately chose to retry Francis (which it did not). So, according to the district court, no matter when the alteration count was formally dismissed, the statute of limitations began to run on November 16, 1998, once the window to petition the U.S. Supreme Court for review had closed and the case had been sent back down, since the Superior Court did not end up exercising any discretionary authority following the remand. *See Francis v. Comm'r of Corr.*, No. 18-cv-847 (SRU), 2019 WL 8223557, at *5 (D. Conn. Mar. 15, 2019). While all this raises an interesting legal question, it appears possible (maybe even likely) that this case can be resolved on simpler grounds.

The Commissioner tells us that the alteration charge was formally dismissed and Francis was resentenced sometime in late 1998. If that is true, and if Francis

6

was made aware of the dismissal at that time, that would conclusively resolve this case.

But, unfortunately, we cannot assess the accuracy of the Commissioner's position based on the record before us. To start, while the Commissioner argues that the Sentence Review Division's reference to "the remaining two counts," *State v. Francis*, No. CR 95474852, 1998 WL 867260, at *1 (Conn. Super. Ct. Dec. 2, 1998), indicates that the alteration count had already been dismissed, we are not so sure. The Sentence Review Division just as easily could have been referring to the fact that there were only two counts *with convictions* remaining to support Francis's sentence, his conviction on the alteration count having been vacated on appeal. Moreover, given that the Commissioner did not make this argument below, and instead proposed the position that the district court ultimately adopted, we are reluctant to rely on his proposed reading of the Sentence Review Division's opinion. And although the Commissioner states that his position is further supported by a transcript from a September 1998 Superior Court proceeding, that transcript is not part of the record. So we can only guess at its contents.

Without a clear answer on this issue, we conclude that the best approach is to send the case back to the district court for further factual development on when

the alteration count was formally dismissed (and when Francis learned of that dismissal). The district court is better suited to engage in this fact finding in the first instance, including by reviewing the 1998 transcript and the 2018 mittimus that the parties claim support their respective positions.

Accordingly, the district court's judgment is **VACATED**, and the case is **REMANDED** to the district court for further proceedings consistent with this order. Should any appeal ensue, either party may restore our jurisdiction pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), in which event the appeal will be referred to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court