JOSEPH-MARIO SPATES *v.* CARL ROBINSON, WARDEN, CONNECTICUT STATE PRISON, SOMERS

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued November 16—decision released December 25, 1979

*Joseph-Mario Spates,* pro se, the appellant (plaintiff).

*Linda K. Lager,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (defendant).

PER CURIAM. This is an appeal from a habeas corpus proceeding. The plaintiff was convicted in a trial to the jury on all counts of a four-count infor-

mation charging him with first degree manslaughter, in violation of General Statutes § 53a-55 (a) (3), with second degree robbery, in violation of General Statutes § 53a-135 (a) (2), and with two counts of first degree unlawful restraint, in violation of General Statutes § 53a-95 (a). *State* v. *Spates,* 176 Conn. 227, 405 A.2d 656. On the first count, he was sentenced to a term of not less than ten nor more than twenty years, on the second count for a term of not less than five nor more than ten years, and on the third and fourth counts to a term not less than two and one-half nor more than five years. The sentence imposed on the first count was ordered to run consecutively with the sentence imposed on the second count, and the sentence imposed under the third and fourth counts was directed to run concurrently with the sentences imposed under the first and second counts, for a total effective sentence of not less than fifteen nor more than thirty years.

The plaintiff filed an application for a writ of habeas corpus claiming that the total effective sentence was illegal because the court did not have authority to order consecutive sentences under General Statutes § 53a-37.[1] The trial court dismissed the plaintiff's habeas corpus action on the ground that the sentence he received was in compliance with § 53a-37.

---

[1] "[General Statutes] Sec. 53a-37. MULTIPLE SENTENCES: CONCURRENT OR CONSECUTIVE, MINIMUM TERM. When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run

The claim presented on appeal and to the trial court in this habeas corpus proceeding was that § 53a-37 mandates that a court, when sentencing on multiple counts, set a minimum and maximum term on the first count only and then impose a fixed term on all subsequent counts to be added to the maximum under the first count. The plaintiff maintained that a court has no other option when sentencing on multiple counts.

In construing General Statutes § 53a-37 in *Green v. Warden,* 178 Conn. 634, 638–39, 425 A.2d 128, this court recently stated: "By using the words 'minima' and 'maxima,' the drafters clearly intended to authorize multiple sentences with consecutive minimum and maximum terms. The statute goes on to provide that when a defendant is sentenced on two or more counts 'the court *may* order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each.' (Emphasis added.) The word 'may' is permissive and not mandatory. See *Shulman v. Zoning Board of Appeals,* 154 Conn. 426, 428, 226 A.2d 380 (1967). Hence, if the court *chooses* to set a fixed number of years on the additional counts, then in that event only, 'the fixed number of years imposed for the second and subsequent counts *shall* be added to the maximum term imposed by the court on the first count.' (Emphasis added.) We do not read the last

concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed. When a person is sentenced for two or more counts each constituting a separate offense, the court may order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each. The court in such cases shall not set any minimum term of imprisonment except under the first count, and the fixed number of years imposed for the second and subsequent counts shall be added to the maximum term imposed by the court on the first count."

two sentences of § 53a-37 as requiring the court to set a fixed number of years on the additional counts. 'The words "shall" and "may" must be assumed to have been used with discrimination and with a full awareness of the difference in their ordinary meanings.' *Shulman* v. *Zoning Board of Appeals,* supra, 428–29; see also *Jones* v. *Civil Service Commission,* 175 Conn. 504, 509, 400 A.2d 721 (1978)."

Consequently, the trial court did not err in finding the plaintiff's sentence to be valid. Section 53a-37 states: "When multiple sentences of imprisonment are imposed on a person at the same time . . . the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other . . . *in such manner as the court directs at the time of sentence."* (Emphasis added.) By stating the effective sentence it imposed on all counts, the court at the time of sentencing delineated on the record how it intended the minimum and maximum terms of the sentence on each count to run with respect to each other count, thus effectively complying with § 53a-37.

There is no error.