WILLIE B. JONES *v.* CARL ROBINSON, WARDEN, CONNECTICUT STATE PRISON, SOMERS

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued November 16—decision released December 25, 1979

*Willie B. Jones,* pro se, the appellant (plaintiff).

*Linda K. Lager,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (defendant).

PER CURIAM. This is an appeal from a habeas corpus proceeding. The plaintiff pleaded guilty to four counts of two informations. In the first information, he was sentenced on three counts in the following manner: On each of two counts charging assault in the third degree he received a sentence of one year and on a count charging assault in the second degree he was sentenced for not less than two and a half nor more than five years. All of the terms on the first information were directed to be served concurrently, for an effective sentence of not less than two and one-half nor more than five years. In the second information, the plaintiff was sentenced on one count of burglary in the third degree to a term of not less than one and a half nor more than three years. The sentencing court directed that this term be served consecutively to the sentence on the first information and stated that the total effective sentence would thus be not less than four nor more than eight years.

The plaintiff filed an application for a writ of habeas corpus claiming that the total effective sentence was illegal because the sentencing court did not have authority under General Statutes § 53a-37 to direct that the sentence on the first information run consecutively to the sentence in the second

information. The trial court dismissed the plaintiff's habeas corpus action on the ground that the sentence he received was in compliance with § 53a-37.

The plaintiff argued before the trial court and on this appeal that § 53a-37 presents the sentencing court with no option but to set a minimum and maximum term on the first count sentenced and then to impose a fixed term on all subsequent counts to be added to the maximum under the first count. The appeal in this case involves the same issues and claims of law as in *Spates* v. *Robinson,* 179 Conn. 381, 426 A.2d 776, which we decide today.[1] The decision in *Spates* v. *Robinson,* supra, is controlling.

There is no error.

---

[1] In *Green* v. *Warden,* 178 Conn. 634, 637, 425 A.2d 128, this court stated that § 53a-37 makes "no distinction between sentences imposed on separate informations and those imposed on separate counts of the same information."