GeWayne Scott *v.* Carl Robinson, Warden, Connecticut State Prison, Somers

Cotter, C. J., Loiselle, Bogdanski, Peters and Healey, Js.

Argued November 16—decision released December 25, 1979

---

*GeWayne Scott,* pro se, the appellant (plaintiff).

*Linda K. Lager,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (defendant).

PER CURIAM. This is an appeal from a habeas corpus proceeding. The plaintiff pleaded guilty to two counts of one information charging him with assault in the first degree and to one count of a second information charging him with burglary in the third degree. He was sentenced on both informations in the following manner: On each assault count to a term of not less than ten nor more than twenty years to be served concurrently and on the burglary count to a term of not less than two and one-half nor more than five years to be served consecutively to the sentence on the assault counts in the first information. The sentencing court stated that the total effective sentence would be not less than twelve and one-half nor more than twenty-five years.

The plaintiff filed an application for a writ of habeas corpus claiming that the total effective sentence was illegal under General Statutes § 53a-37. The trial court held that the sentence the plaintiff received was in compliance with § 53a-37. On appeal and at trial the plaintiff claimed that § 53a-37 leaves a court with no other option when sentencing on multiple counts but to set a minimum and maximum term on the first count sentenced and then to impose a fixed term on all subsequent counts to be added to the maximum under the first count.

Consequently, the appeal in this case involves the same issues and claims of law as in *Spates* v. *Robinson,* 179 Conn. 381, 426 A.2d 776, and *Jones* v. *Robinson,* 179 Conn. 384, 426 A.2d 778, which we

decide today. The decisions in *Spates* v. *Robinson,* supra, and *Jones* v. *Robinson,* supra, are controlling.

There is no error.