[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF DECISION
In compliance with the granting of a Motion to Review, the court files this articulation supplementing its oral decision rendered September 1, 1992.
On February 3, 1986, the petitioner pled guilty to one count of Robbery First Degree, one count of Criminal CT Page 1034 Possession of a Pistol, and one count of Attempted Murder. On March 14, 1986, the petitioner was sentenced for these offenses by the sentencing court, Landau, J.
As noted in its oral decision, this court held that the sentencing court clearly intended to sentence the petitioner to a total effective sentence of fifteen years, and the sentencing court so stated. However, this court found that the aggregate of the individual sentences actually imposed conflicted with that intent. The sentencing court imposed a sentence of thirteen years for the attempted murder; a sentence of two years for the pistol offense which was to be consecutive to the thirteen year term; and a ten year sentence on the robbery charge which was to be concurrent to the thirteen year sentence and concurrent to the two year term.
It is the sentencing on the robbery charge which creates the problem. The aggregate sentence, as imposed, has the two year term running both consecutive to the thirteen year term and concurrent to the ten year term, which is itself concurrent to the thirteen year term. This is a mathematical impossibility. If the ten year term is concurrent to the two year term, then, under Connecticut General Statutes Section (53a-38(b)(1)), both terms are satisfied upon completion of the ten year term. Because the ten year term itself is concurrent to the thirteen year term, the ten year term is satisfied when the thirteen year term is satisfied. Thus, the total effective sentence, if the ten year term is concurrent to both the thirteen year and two year terms as stated by the sentencing court, is thirteen years, because the service of the thirteen year term satisfies the ten year term and therefore also its concurrent two year term. But the sentencing court also stated the two year term was to be consecutive to the thirteen year term. Clearly, the two year term cannot, simultaneously, be consecutive to the thirteen year term and concurrent to the ten year term when those terms are concurrent with each other as in this case.
The petitioner argues that he ought to receive the beneficial effect of Section 53a-38(b)(1) regarding concurrent sentences so that his aggregate sentence is thirteen years, ignoring the sentencing court's stated intent. The respondent, on the other hand, argues that stated intent ought to control despite the statutory language CT Page 1035 governing concurrent sentences. It should be noted that neither the State nor the petitioner moved to correct the sentence under Connecticut Practice Book Section 935.
While the announcement of the total effective sentence by the sentencing court can be used to clarify an uncertain sentence, Spates v. Robinson, 179 Conn. 381 (1979), in the case subjudice the terms are not unclear but contradictory. The sentencing court could have imposed an aggregate fifteen years sentence by making the thirteen and ten year terms concurrent with each other and making the two year term consecutive to both. Instead, the sentence actually imposed made the two year term consecutive to one and concurrent to the other. By stating that the ten year term was concurrent to both the thirteen year term and the two year term, by virtue of Section 53-a-38(b)(1), the court caused the two year term to be discharged upon satisfaction of the ten year term, which in turn, is satisfied when the thirteen year term expires. Therefore, this court resolved this conflict by holding that the aggregate sentence as imposed, thirteen years, prevailed over the sentence that was intended.
BY THE COURT,
SAMUEL J. SFERRAZZA Judge, Superior Court