[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff corporation, a realty sales and management firm, entered into a contract with the defendant, South Street Group Partnership, on May 1, 1989, in which the plaintiff, S.P.G. Associates, Inc. were to provide management, leasing and potential sale of the partnership's property known as 97-101 South Street, West Hartford, Connecticut.
The term of the agreement was for two years with earlier termination by either party upon written 60 day notice prior to the termination date. The agreement further provides that the fee for obtaining a lease was to be 6%, reduced to 4% CT Page 348 if the lessee was introduced to the project by a partner. The plaintiff was also entitled to a management fee of 5%.
The plaintiff was also permitted a minimum draw of $3,000.00 per month against the potential leasing commissions, together with a draw of $1,000.00 per month against the management fees.
The plaintiff in this action contends that a lease entered into between the defendant partnership and the Fleet Bank was a lease within the terms of the above mentioned agreement of the plaintiff and the defendant partnership and that a commission is due and owing to the plaintiff.
The defendant partnership denies that any commission is due to the plaintiff resulting from the leasing of a portion of its South Street premises to Fleet Bank. It contends, inter alia, that the leasing portion of the agreement with the plaintiff was terminated by a letter dated May 23, 1990 with a [an] effective date of July 30, 1990. That the effective date of the lease with Fleet Bank was on or about November 20, 1990, several months after the plaintiff's termination as leasing agent.
Further, the defendant partnership contends that the agreement between the plaintiff and the defendant was insufficient as a properly executed listing agreement pursuant to Conn. Gen Stat. 20-325a.
With regard to Conn. Gen. Stat. 20-325a, the plaintiff argues that although the listing agreement of the parties may not by itself satisfy the requirements of Conn. Gen. Stat.20-325a, it does do so when combined with other written documents of the parties. The plaintiff points to various leases (Plaintiff's Exhibits B, C and D) as curing any defect in the lack of the defendant's address, or as showing that the defendant's address was not the same for each lease.
As to these arguments by the plaintiff, it is necessary that the supporting documents and the agreement collectively satisfy the statutory requirements. Further, these documents and the agreement must refer to each other so as to create a consistent contract. Real Estate Auctions, Inc. v. Senie, 28 Conn. App. at 571. In addition, the statute contemplates the names and addresses of the parties to the listing agreement to be the names and addresses of the parties at the CT Page 349 time of the execution of the listing agreement.
Thus, for purposes of satisfying the requirements of Conn. Gen. Stat. 20-325a addresses listed in plaintiff's Exhibits B, C and D do not cure the defect in the parties' listing agreement, i.e. Plaintiff's Exhibit A. Hossan v. Hudiakoff, 179 Conn. 381, 382 (1974).
Plaintiff's further argument that the defendant had the burden to prove its correct address when it plead the lack of the owner's address as a requirement of Conn. Gen. Stat.20-325a. However, Conn. Gen. Stat. 20-325a requires that the listing agreement contain this provision. Further, the requirements of the statute are mandatory and are to be strictly construed, McCutcheon Burr, Inc. v. Berman, 218 Conn. 512 at 520, (1991). Thus, the listing agreement fails to comply with Conn. Gen. Stat. 20-325a.
Therefore, judgment may enter for the defendants together with costs.
HON. JULIUS J. KREMSKI STATE TRIAL REFEREE